DUNPHY, appellant, v. FORD, respondent.

ARBITRATION — *submission — award — statute requisites.* In a submission of a controversy to arbitration under the statute, the law requires that all the arbitrators should meet and act together during the entire investigation, but a majority may decide any· question. And where one of the arbitrators was absent during part of the investigation, though he may have authorized one of the other arbitrators to sign his name to the award that they should agree upon, such investigation could not lawfully proceed in his absence. The award was null and void and no valid judgment could be entered thereon.

*Appeal from First District, Gallatin County.*

CHUMASERO & CHADWICK, for appellant.

The judgment entered upon the award in this case was erroneous. The proceedings before the arbitrators did not comply with statute requirements.

One of the arbitrators was not present. after the first day's investigation. This rendered such subsequent proceedings void. *Heath* v. *Tenney,* 3 Gray, 380; *Burghardt* v. *Owen,* 13 id. 300; *Franklin M. Co.* v. *Pratt,* 101 Mass. 359–362; *Bulson* v. *Lohnes,* 29 N. Y. 291.

PAGE & COLEMAN, for respondent.

WADE, C. J. This is an appeal from an order overruling a motion to vacate an award, and from a judgment for respondent thereon.

It appears that on the 19th day of September, 1873, the parties hereto entered into an agreement in writing, to submit the matters in dispute between them to the arbitration of T. I. Dawes, S. W. Langhorne and Nelson Story, and that the award thereon be entered as a judgment of the court, in pursuance of the statute in such cases provided. On the 16th day of October, 1873, the defendants caused to be filed with the clerk of the court, the award signed by Langhorne and Dawes, for themselves, and signed by Dawes for Story, at his request. The defendants then moved for judgment thereon, and at the same time the plaintiff filed a motion

to vacate the award. These motions were heard by the court, and it appears that the three arbitrators met on a certain day and heard a portion of the testimony, and then adjourned. Story could not be present at the adjourned meeting, and the other arbitrators heard the remainder of the testimony and made an award, in the absence of Story, which award had been agreed to by Story before he was called away by his business, provided the subsequent testimony to be offered did not change the cause materially. The two arbitrators who were present, thinking that this testimony did not change the rights of the parties, made the award and signed their own and Story's name to the same. The court entered judgment for respondent thereon, and overruled appellant's motion to vacate it.

The statute under which this arbitration was had provides as follows: " All the arbitrators shall meet and act together during the investigation; but, when met, a majority may determine any question. Before acting, they shall be sworn, before an officer authorized to administer oaths, faithfully and fairly to hear and examine the allegations and evidence of the parties in relation to the matter in controversy, and to make a just award according to their understanding." Civ. Pr. Act, § 436.

It seems clear, that, when three arbitrators have been agreed upon and appointed to hear and determine a controversy, they must meet and act together. Two of them have no authority to hear testimony in the absence of the third, and an award made upon testimony so taken is void. This is the meaning of the statute. They " shall meet and act together." A jury cannot legally hear evidence and render a verdict in the absence of one of the jurors; neither can arbitrators hear and determine a matter submitted to them, and make an award, in the absence of one of the arbitrators. The statute clothes the arbitrators with jurisdiction in a certain manner, and they have no authority unless they comply strictly with the law. Therefore an award made by two arbitrators upon testimony heard by them, when the submission was to three arbitrators, is void. Courts can only acquire jurisdiction over awards of arbitrators to enter judgments thereon when the submission and award are in conformity to the statute.

The case of *Bulson* v. *Lohnes*, 29 N. Y. 291, is in point. There was a submission to three arbitrators, and the award must be in writing and signed by the three or any two of them. Two of the arbitrators met, heard the proof and made the award, which was adjudged a nullity by the court. To this effect are the following cases : *Heath* v. *Tenney*, 3 Gray, 380 ; *Burghardt* v. *Owen*, 13 id. 300 ; *Low* v. *Nolte*, 16 Ill. 475 ; *Jeffersonville R. Co.* v. *Mounts*, 7 Ind. 669 ; *Franklin M. Co.* v. *Pratt*, 101 Mass. 359.

This question is not affected by the fact that it was stipulated in the submission that P. W. McAdow should act, if Story was absent at the first meeting of the arbitrators, or refused to act. Story was not absent and did not refuse to act, but was present while some of the testimony was heard. The two arbitrators, without substituting McAdow, heard the remainder of the evidence and made the award, and signed their names and that of Story thereto. The matter in dispute was submitted by the parties to three arbitrators, and was heard and determined by two of them. This award is therefore void. They did not "meet and act together."

The respondent offered testimony, which was controverted by appellant, to show that the parties agreed, after the departure of Story, that Dawes and Langhorne might arbitrate this matter. It is not proved that this was the agreement, which would be a new submission and should have been in writing under the statute. Neither party claims that it was in writing.

The judgment is reversed and cause remanded.

*Judgment reversed.*