## CARY v. BAILEY.

1. **Arbitration:** RESIGNATION OF ARBITRATOR: PRACTICE. Where a matter was submitted to arbitration by an order of court, and an award made by the arbitrators was set aside and a re-submission to the same men ordered, it was held competent for one of the arbitrators to resign and refuse to receive the re-submission, and a second award made by the remaining arbitrators, against the objection of one of the parties, was held invalid.

*Appeal from Cass Circuit Court.*

THURSDAY, DECEMBER 9.

THE plaintiff filed a petition in equity asking for the settlement of the affairs of a partnership between him and the defendant. Afterwards the parties agreed to submit the matters in dispute to the arbitration of J. W. Brown, Julian Phelps and C. C. Reynolds. An order of submission was accordingly made by the court and the arbitrators were directed to make and file their award on or before the 20th day of July, 1879. The award was filed on the 27th day of October, 1879. The defendant moved to set the award aside, but upon what ground the record does not show. The court sustained the motion. The court also made an order re-submitting the cause to the same arbitrators. But one of the arbitrators, J. W. Brown, refused to receive a re-submission of the cause and refused to act longer as arbitrator and filed his

written resignation. Thereupon the defendant filed exceptions to the order of submission, one of the exceptions being based upon the ground that one of the arbitrators refused to receive the re-submission and to act further as arbitrator. Afterward the arbitrators, Reynolds and Phelps, proceeded without Brown and made a new award and filed the same. The plaintiff filed a motion for judgment on the award. The defendant filed objections, setting up, among other things, that the arbitrator Brown resigned and refused . to act. The court sustained the defendant's objections to the motion for judgment and set aside the award, and set down the. cause for trial. To this ruling the plaintiff excepted and now appeals.

*Temple & Phelps*, for appellant.

*Curtis & Wedgewood*, for appellee.

ADAMS, CH. J.—The order setting aside the award is assailed upon the ground that neither party made a motion for such order. But the court having sustained the defendant's objections to the plaintiff's motion for judgment on the award, it followed of course that the award should be set aside, and the setting it aside was a mere matter of form.

1. ARBITRA-TION : resignation of arbitrator : practice.

The real question in the case is whether, after Brown's resignation and withdrawal, the other two arbitrators could proceed against the objections of the defendant and make a valid award. The plaintiff insists that they could, and calls our attention to a provision in the agreement for submission whereby it was agreed that the award made by said arbitrators, *or any two of them*, should be kept and observed.

In our opinion the provision does not mean that the case might be *submitted* to any two of the arbitrators, because there is an express agreement that it shall be submitted to the three. The provision as to the binding effect of an award made by two is quite a different thing. If Brown had not withdrawn at the time of the re-submission, but had con

tinued to act, it is evident that an award signed by Reynolds
and Phelps alone would be binding. But if Brown had
acted it may be that such an award as was signed by Rey-
nolds and Phelps would not have been made.

The appellant insists that it was not competent for Brown
to withdraw at the time he did and defeat the arbitration.
There is certainly much reason for holding that an arbitrator
who has received a submission could not be allowed to with-
draw during the submission so as to defeat the arbitration.
But there was no submission at the time Brown withdrew.
He refused to receive the re-submission. The case, then, was
not pending before him when he withdrew. We think he
might properly refuse to proceed to another hearing, and to
the making of a new award. The whole matter was within
the control of the court, and the court was not bound to
re-submit the case. But the appellant insists that the re-
submission was for the mere correction of a formal matter,
and that in such case a re-submission may be made to a por-
tion of the arbitrators. It is sufficient to say that the order
of re-submission does not show for what it was made.

It is finally insisted by appellant that the appellee ought
not to be heard to object to the new award because it is said
that the record shows that Brown resigned at appellee's sug-
gestion. The evidence of the fact relied upon is an affidavit
made by one of the plaintiff's counsel to the effect that
Brown told him that he resigned at appellee's suggestion.
If we should deem the fact of such suggestion, if made, ma-
terial to the determination of appellant's rights, we could not
find the fact from an affidavit showing merely what Brown
said about it.

The appellant complains of the fact that the case was set
down for trial, but if the award was properly set aside, as we
hold, and upon the ground that Brown withdrew before the
re-submission, then the arbitration was at an end. Nothing
remained, we think, but to set the case down for trial.

AFFIRMED.