Kent v. French.

76    187
132    62

## KENT V. FRENCH.

Arbitration and Award: REFUSAL OF ONE ARBITRATOR TO ACT: AWARD BY OTHER TWO: PROTEST: WAIVER. Where a cause was submitted to three arbitrators, under an agreement that the decision of any two of them should be conclusive, but one of them declined to act, and one of the parties protested against the other two acting alone, but they proceeded to the hearing of the case, and agreed upon an award, *held* that such award was not binding upon the protesting party, although he appeared at the hearing before the two, without withdrawing his protest, and made the best showing he could. He was entitled at every stage of the proceeding to the benefit of the judgment, discretion, arguments and influence of each of the persons chosen to judge between him and his adversary.

*Appeal from Wapello District Court.*—HON. CHARLES D. LEGGETT, Judge.

FILED, DECEMBER 19, 1888.

THIS is an appeal by plaintiff from a judgment of the district court rendered upon an award of arbitrators.

*Chas. Hall* and *A. C. Steck*, for appellant.

*Williams & Jacques*, for appellee.

ROTHROCK, J.—On the twenty-first day of December, 1885, the parties entered into an agreement in writing, by which they submitted certain matters in

difference between them to the arbitration of W. B. Wycoff and W. H. Stevens. The agreement provided that said arbitrators were authorized and empowered to call in and appoint another person to act with them in the consideration of the matters in dispute, and that the decision of any two of the three should be conclusive. In February, 1886, the defendant made application to the court for a resubmission of the matter to the arbitrators. It does not appear that any award had at that time been made, but it does appear that one H. M. Cockerill had been acting as an arbitrator with the two named in the written submission. On the twenty-seventh day of December, 1886, the court ordered a resubmission to the three arbitrators above named. Notice of the order was given to them, and W. B. Wycoff refused to further act in the premises. The other two met, and, before taking any action in the way of hearing evidence or arguments of counsel, the plaintiff appeared and filed a written protest against proceeding with the hearing before two arbitrators,— one ground of which protest was that the articles of submission did not confer jurisdiction upon them, one of said arbitrators having resigned and refused to act as such. The arbitrators Stevens and Cockerill proceeded with the hearing. Evidence was taken, and an award was made and filed. The plaintiff excepted to the award. His exceptions were overruled, and judgment was rendered thereon.

It is to be presumed that Cockerill was chosen by the arbitrators named in the written submission. They alone had the authority to select him. By the terms of the submission he was not a mere umpire to decide questions upon which the other arbitrators might differ. He was to act with the others in hearing the evidence, the arguments of counsel, and making up the award. If any two of the three should agree as to the rights of the parties their award should be binding. But two of the three had no right nor authority to hear and determine the controversy without the aid of the

other. This is so well settled as to require neither argument nor discussion. 1 Amer. & Eng. Cyclop. Law, 683, and cases cited. It is there said that "the disputants are entitled to the exercise of the judgment and discretion, and to the benefits of the views, arguments and influence, of each one of the persons whom they have chosen to judge between them, and they are entitled to these, not only in the award, but at every stage of the arbitration, even where a majority are empowered to decide." See, also, *Cary v. Bailey*, 55 Iowa, 60. It is claimed by counsel for appellee that he was without fault in the matter of the refusal of Wycoff to further act as arbitrator, and that such refusal was by reason of plaintiff's procurement. We do not determine that this, if true, would avail the appellee. It is enough to say that we do not think the record establishes the fact that the arbitrator refused to act at the instance of the plaintiff. It is further claimed that the plaintiff waived the error now complained of by appearing at the trial and submitting to a hearing before two arbitrators. But he did not withdraw his protest, and he waived no right to object to the jurisdiction of the arbitrators by appearing and making the best showing that he could. As the judgment must be reversed because the hearing was had before but two of the arbitrators, it is not necessary to give attention to other alleged errors discussed by counsel.

REVERSED.