JOSEPH E. DOHERTY *vs.* GEORGE DOHERTY & another.

Suffolk. November 19, 1888. — January 4, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Arbitration — Award by Majority of Arbitrators.*

An award by two only of three arbitrators appointed under the Pub. Sts. c. 188, made in the absence of the third, is invalid, unless the third arbitrator refused after notice to attend their meetings, although the submission provides that the award of the majority shall be final.

MOTION to accept and confirm an award of arbitrators. The case was submitted to the Superior Court, and, after the entry of an order to reject the award, to this court, on appeal, on an agreed statement of facts, in substance as follows:

The agreement of submission, which was dated October 14, 1887, provided for three arbitrators, "the award of whom, or a majority of whom, being made and reported to the Superior Court for the county of Suffolk aforesaid within fourteen days from this date, the judgment therein shall be final; and if any of the parties neglect to appear before the arbitrators, after due notice given them of the time and place appointed for hearing the parties, the arbitrators may proceed in his or their absence." A unanimous award was made by the arbitrators, on November 5, 1887, in favor of the plaintiff, and was filed oñ November 7, 1887. The award was duly recommitted to the arbitrators on November 11, 1887, for a specified amendment.

A second award, also in favor of the plaintiff, was returned into court on November 12, 1887, signed by two of the arbitrators, but not by the third, who, being absent from his home, did not receive the notice of the meeting of the arbitrators until after the award was returned to the court, was not present at said meeting of said arbitrators, or any other meeting of the arbitrators, after the filing of the first award. No hearing on said recommitment was given the parties, nor asked for by them, or either of them, although all had notice of the recommitment by being present in court when the order was made.

*A. Russ & C. F. Paige,* for the plaintiff.

*J. L. Eldridge,* for the defendants.

FIELD, J. The first award reported to the Superior Court was recommitted for a specific purpose. Upon recommitment, two of the arbitrators signed a new award, and returned it into court, but the third arbitrator, "being absent from his home, did not receive the notice of the meeting of the arbitrators until after the award was returned to the court, was not present at said meeting of said arbitrators, or any other meeting of the arbitrators, after the filing of the first award." It thus appears that the last award, which was the only award before the Superior Court when it passed the order appealed from, was not the result of deliberation by all the arbitrators, and that one of the arbitrators had no opportunity to consider it. Although the submission provides that the award of the majority shall be final, yet all must meet in consultation upon the decision, unless, indeed, one refuses after notice to attend, because if the absent arbitrator had been present "he might have drawn his brethren to a different opinion." *Carpenter* v. *Wood,* 1 Met. 409. See *Short* v. *Pratt,* 6 Mass. 496. See also *Blodgett* v. *Prince,* 109 Mass. 44; *Campbell* v. *Upton,* 113 Mass. 67; *Cumberland* v. *North Yarmouth,* 4 Greenl. 459; *Crofoot* v. *Allen,* 2 Wend. 494; *Morse on Arbitration and Award,* 151, 152.

Without considering the other objections, the order rejecting the award must be       *Affirmed.*