## Astwood, Appellant, *v.* Wanamaker.

*Arbitration—Referee—Award—Judgment.*

Where parties agree upon a referee "to settle and forever dispose of all questions and controversies arising and existing between them," and further agree that the award shall be final and conclusive without appeal and that a judgment may be entered upon the award, and the referee in good faith makes an award covering the matters in dispute, excepting specifically certain things which were not in a condition for final adjudication, and judgment is entered upon such award, the court will consider the award as conclusive as to the matters covered by it, and will refuse to strike off the judgment without prejudice to the defendant to an accounting as to the matters excepted.

Argued Oct. 10, 1904. Appeal, No. 52, Oct. T., 1904, by plaintiff, from order of C. P., No. 4, Phila. Co., Sept. T., 1897, No. 195, discharging rule to strike off judgment in case of Henry C. C. Astwood *v.* John Wanamaker, Thomas B. Wanamaker and Robert C. Ogden, trading as John Wanamaker. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to strike off judgment entered upon the award of Frank P. Prichard, Esq., referee.

From the record it appeared that the agreement of reference was as follows :

"Whereas, it is desired to settle and forever dispose of all questions and controversies arising and existing between H. C. C. Astwood and John Wanamaker, Thomas Wanamaker and Robert C. Ogden, trading as John Wanamaker.

"Now, to wit, April 15, 1899, it is hereby agreed by and between the parties hereto that all matters and questions in controversy between them shall be referred and submitted to Frank P. Prichard, Esq., whose report and conclusion upon the matter submitted to him shall be binding and final and conclusive upon us without the right of either party to appeal or take out a writ of error, and we hereby pledge ourselves to abide by and to carry out his decision. And it is hereby agreed that said Frank P. Prichard, Esq., shall have the power and authority to issue subpœnas to witnesses to appear before

him and to administer oaths or affirmations to them, and to require the production of all books, papers and documents as he or the party hereto shall deem necessary to the controversy.

" And it is further agreed that a judgment may be entered in any court of common pleas of Philadelphia county, Pennsylvania, in favor of the party in whose favor said Frank P. Prichard, Esq., shall find and against the other party for the amount of his finding or award, if any, together with the costs of said reference, which sum is hereby confessed. And we further agree and hereby authorize and empower any attorney of any court of record in Pennsylvania to appear for and to enter a judgment against us as aforesaid, without any liability on the part of said attorney for which this shall be a sufficient warrant. And in the entry of said judgment it shall only be necessary for said attorney to file at the time of entering said judgment a copy of this agreement verified by affidavit, together with a copy of the decree or award of said Frank P. Prichard, Esq., any law or rule of court to the contrary notwithstanding.

" Witness our hands and seals the day and year aforesaid.

" Signed, sealed and delivered in the presence of us,

" WILLIAM L. NEVIN.

" As to ROBERT C. OGDEN.

" D. E. BYRNE.

" As to H. C. C. ASTWOOD.

" FRANCIS C. ADLER.

" JOHN WANAMAKER.          [Seal]

" THOMAS B. WANAMAKER.     [Seal]

" ROBERT C. OGDEN.         [Seal]

     " Trading as John Wanamaker.

" H. C. C. ASTWOOD.        [Seal] "

The referee found as a fact that the defendants were not at the time he made his report indebted to the plaintiff.

He also reported that when certain payments were made to defendants, plaintiff would be entitled to an assignment of a certain contract and the return of any collateral remaining in defendants' hands belonging to plaintiff.

Judgment was entered upon the award. The court discharged the rule to strike off the judgment.

*Error assigned* was the order of the court.

*Lincoln L. Eyre*, for appellant.—There is no authority in law for entering the judgment in question, even if a valid judgment upon the record of this suit: Fox v. Ealer, 2 Miles, 169 ; Otis v. Northrop, 2 Miles, 350 ; Okison v. Flickinger, 1 W. & S. 257 ; Ford v. Keen, 13 Pa. 179 ; Buckman v. Davis, 28 Pa. 211 ; Painter v. Kistler, 59 Pa. 331 ; Quay v. Westcott, 60 Pa. 163 ; Reading Industrial Manufacturing Co. v. Graeff, 64 Pa. 395.

But even assuming that the defendants had any right to confess a judgment we submit that no such judgment could be entered and sustained by the court unless it was based upon an award which could be enforced by suit or set up as a defense under the prevailing rules laid down in numerous decisions with regard to awards of the same kind. The judgment is not in pursuance of the arbitration, and is neither definite nor final: Hamilton v. Hart, 23 W. N. C. 480 ; Samuel v. Cooper, 2 Ad. & El. 752 ; Bowes v. Fernie, 4 M. & Cr. 150 ; Morse on Arbitration, 345 ; Russell on Arbitration (4th ed.), 249 ; Spalding v. Irish, 4 S. & R. 322 ; Gratz v. Gratz, 4 Rawle, 411 ; Bellas v. Dewart, 17 Pa. 85 ; Etnier v. Shope, 43 Pa. 110 ; Stanley v. Southwood, 45 Pa. 189 ; McCune v. Lytle, 197 Pa. 404 ; Connay v. Halstead, 73 Pa. 354 ; White v. Shriver, 2 Watts, 471.

*P. F. Rothermel*, with him *Samuel M. Clement, Jr.*, for appellee.—An agreement in a contract that any dispute shall be decided by any person named therein, whose decision shall be final and without appeal, ousts the jurisdiction of the court and substitutes therefore the decision of the person so chosen: Reynolds v. Caldwell, 51 Pa. 298 ; O'Reilly v. Kerns, 52 Pa. 214 ; Howard v. Allegheny Valley R. R. Co., 69 Pa. 489 ; Quigley v. DeHaas, 82 Pa. 267 ; Hartupee v. Pittsburg, 97 Pa. 107 ; Brown v. Decker, 142 Pa. 640, and the decision of such arbitrator is final and conclusive, and without appeal to the court: McCune v. Lytle, 197 Pa. 404 ; Hostetter v. Pittsburg, 107 Pa. 419 ; McCauley v. Keller, 130 Pa. 53 ; Kennedy v. Poor, 151 Pa. 472 ; English v. School Dist., 165 Pa. 21 ; Gowen v. Pierson, 166 Pa. 258 ; Barclay v. Deckerhoof, 171 Pa. 378 ; Huckestein v. Kaufman, 173 Pa. 199.

OPINION BY ORLADY, J., November 21, 1904:

The plaintiff brought suit in assumpsit and in due course of procedure secured an appearance, an affidavit of defense and a plea with notice of special matter, etc. The case was at issue and ready for trial by a jury. The matters involved were complicated through an extended business transaction and the defendant specified a serious misappropriation of funds by the plaintiff. A trial by jury would necessarily be expensive and unsatisfactory to each. It was of first importance that the accounts between the parties; the voluminous correspondence and laws of a foreign state should be fully and intelligently examined by a person of training and good judgment so that the parties wisely preferred a tribunal of their own selection and agreed in writing under their respective hands and seals " to settle and forever dispose of all questions and controversies arising and existing between them," by submitting them to Frank P. Prichard, Esq., to whom all questions in controversy should be referred and whose report and conclusion should be binding, final and conclusive, without the right of either party to appeal or take out a writ of error, and they pledged themselves to abide by and carry out his decision; and further that a judgment might be entered in any court of common pleas of Philadelphia in favor of the party in whose favor Mr. Prichard should find, for the amount of his finding, with costs of reference, and further they authorized any attorney of a court of record in Pennsylvania to appear for and enter judgment on said award, " any law, or rule of court to the contrary notwithstanding." Pursuant to this agreement the parties adduced their proofs, before Mr. Prichard at hearings extending through twenty-one months of time and covering over 750 typewritten pages of testimony. After argument of counsel and a rehearing on exceptions filed by the plaintiff, the referee made an exhaustive written report of the proceedings before him and his descision thereon. The defendant filed a copy thereof to the number and term of the pending action, complied literally with the requirements of the agreement of arbitration and entered a judgment in exact accord with the decision of the referee. The plaintiff then presented his petition to the court for a rule to show cause why the judgment should not be stricken off,

etc., alleging irregularities in the referee's report, and a lack of authority to enter a judgment in the pending action. This rule was discharged and the plaintiff sued out this appeal. The submission of their disputes to the referee was a voluntary arbitration at common law and not by virtue of any act of assembly. It was supported by a good consideration, and is as binding on the parties thereto as they declared it should be— final and conclusive between them. It contemplated that the award of the referee should become permanent in a valid judgment to be entered in a court of record. It was a final adjudication of the controversies involved in the pending action, and was as properly filed thereto as if it had been the basis of a separate judgment. It ended that suit whether filed to it or not, and no possible harm has been done to the plaintiff by so doing. The vital fact to the plaintiff was that the referee found that the defendant did not at that time owe him anything, which was equivalent to a finding for the defendant generally. The transactions were very intricate and involved the determination of many facts. The referee concluded the matter so far as it was possible for him to do, and clearly and concisely set out just what rights were adjusted by him. Certain matters were not in a condition for a final adjudication and these were distinctly stated. This was manifestly in the plaintiff's interest and preserved his rights until the contingencies stated in the tenth finding should happen. The courts uniformly encourage such submissions and sustain them when honestly conducted. They facilitate the settlement of intricate business disputes ; are less expensive than ordinary litigation and usually receive greater care and skill in their disposition than it is possible to secure in trial before a court and jury.

There is no imputation of bad faith or wrongdoing on the part of the referee ; nor is there any fatal defect or irregularity in his report and decison. The parties selected their own forum, each party agreed to take the risks of mistakes in fact and errors in the application of the law. We cannot change the decision of the referee who was their appointed judge of both law and fact. The rights of the plaintiff are fully preserved, and he can act upon the award by resorting to his remedy at law or in equity as the facts may determine when

he decides to move. However to conserve these rights we affirm the order of the court refusing to strike off the judgment without prejudice to the plaintiff to an accounting from the defendant under the fifth, sixth, seventh and tenth specifications as stated in the summing up by the referee.