## HERITAGE *v.* THE STATE OF INDIANA, EX REL. CRIM, AUDITOR, ET AL.

[No. 6,485. Filed April 28, 1909.]

1. PLEADING.— *Complaint.— Allegations.—Parties.—Representative Capacity.*—A complaint whose caption is, "The State of Indiana, *ex rel.* Otis P. Crim, Auditor of Madison County v. * * *," and which begins, "The State of Indiana, on the relation of Otis P. Crim, as auditor of Madison county, complains," etc., sufficiently shows that the relator was the auditor of Madison county. p. 597.

2. PLEADING.—*Complaint.—Construction.*—Where a complaint is neither indefinite nor ambiguous, the court will construe it liberally to the attainment of substantial justice. p. 598.

3. COMPROMISE AND SETTLEMENT. — *Impeachment. — Evidence. — Boards of Commissioners.—Treasurers.— Fraud.— Mistake.*—An unimpeached settlement between the board of commissioners and a county treasurer constitutes *prima facie* evidence that such treasurer has duly accounted for funds received, but a settlement shown to have been made through fraud or mutual mistake is not binding. p. 599.

4. COMPROMISE AND SETTLEMENT. — *Officers. — Statutes.* — Under §6086 Burns 1908, §5811 R. S. 1881, a settlement between the board of commissioners and a county treasurer is not conclusive. such statute being for the protection of the officer as well as the county. p. 599.

5. COMPROMISE AND SETTLEMENT.—*Officers.—Statutes.—Avoidance of Litigation.—Payment.*—Under §6086 Burns 1908, §5811 R. S. 1881, a compromise entered into between a board of commissioners and a county treasurer, for the purpose of avoiding litigation, is not conclusive, payment being the only method of extinguishing the county's right of action. p. 599.

6.  ARBITRATION AND AWARD.—*Submission.*—*Revocation of.*—At the common law a party could revoke the submission to arbitration at any time before the award was made, the court having nothing to do therewith; but a statutory submission made and entered upon under an order of court, cannot be revoked without the consent of the court.  p. 600.

7.  ARBITRATION AND AWARD.—*Irregularities.*—*Waiver.*—Where arbitrators commit irregularities in the conduct of their work, a party knowing thereof and making no objection thereto waives his right to make objection thereto after the submission of their award.  pp. 601, 603.

8.  ARBITRATION AND AWARD.—*Award by Majority.*—*Deliberations.*—*Waiver.*—While the deliberations of arbitrators should be participated in by all, an award by a majority thereof is binding; but parties may waive such unanimity of participation by allowing the majority of the arbitrators to proceed, without making any objections thereto.  p. 602.

9.  ARBITRATION AND AWARD.—*Invalidity.*—*Burden of Proof.*—The burden of proving that an award is invalid is upon the party asserting same.  p. 603.

10.  ARBITRATION AND AWARD.—*Invalidity.*—*How Shown.*—*Evidence.*—The invalidity of an award may be shown by affidavits.  p. 603.

11.  BOARDS OF COMMISSIONERS.—*Allowances.*—*Effect.*—*Judgment.*—An allowance by the board of commissioners to a county treasurer does not constitute a judicial determination of the rights of the parties.  p. 604.

12.  TRIAL.—*Opening Issues.*—*Answer.*—The refusal to permit an opening of the issues for the filing of an answer which constitutes no defense to the action, is not erroneous.  p. 604.

From Delaware Circuit Court; *Joseph G. Leffler*, Judge.

Action by The State of Indiana, on the relation of Otis P. Crim, as auditor of Madison county, against Cyrenius F. Heritage.  From a judgment for plaintiff, defendant appeals.  *Affirmed.*

*Walter L. Ball, Willis S. Ellis, A. E. Needham* and *J. E. McCullough,* for appellant.

*Bagot & Bagot* and *Kittinger & Diven,* for appellee.

HADLEY, J.—This is an action brought by appellee to recover money alleged to have been collected by appellant as treasurer of Madison county, and not reported or turned over to his successor in office.  Before the trial it was agreed

between appellant and appellee, in writing, that the books of such treasurer and the auditor of said county should be examined and audited by a commission agreed upon, and a report of the result of such examination made to the court, which report would be treated as the verdict of the jury. The reference to the commission was under §896 Burns 1908, §851 R. S. 1881. The agreement was submitted in open court, spread on the records, and made a rule of court, and the appointment of the commission approved, entered of record, and other proceedings had substantially conforming to the provisions of the statute. It was also agreed in said submission that all issues of law and fact not included in said submission should be heard and determined by the court and jury. The commission, consisting of three men, accepted the appointment, was duly sworn, made the examination, and reported its finding, by which report it appeared that appellant was indebted to the county in the sum of $5,101.23. The court approved the report, ordered it spread of record, and upon the trial treated the amounts so returned as the verdict of the jury, and rendered judgment against appellant and his bondsmen for said sum.

The complaint is in three paragraphs, to each of which appellant filed a demurrer, and each of which was overruled. These rulings are presented for our consideration. It

1. is urged against each paragraph that neither directly avers that the relator is the auditor of Madison county. The caption of the complaint is: "The State of Indiana, *ex rel.* Otis P. Crim, Auditor of Madison County, v. * * *." The complaint then begins: "The State of Indiana, on the relation of Otis P. Crim, as auditor of Madison county, complains," etc. There is no formal averment that the relator is the auditor of Madison county, duly elected, qualified and acting, and while such formal averment would have been more in accordance with the rules of good pleading, and with approved precedent, than the form adopted, yet, under the provisions of our code and the liberal inter-

pretation that should be given averments in pleadings on incidental or collateral matters, or matters that do not go to the merit of the cause, we must hold that each paragraph of the complaint is sufficient in this respect. §385 Burns 1908, §376 R. S. 1881; *Toner* v. *Wagner* (1902), 158 Ind. 447; *Kelley* v. *Love* (1871), 35 Ind. 106; *Beers* v. *Shannon* (1878), 73 N. Y. 292; *Chamberlain* v. *Tiner* (1884), 31 Minn. 371, 18 N. W. 97.

While it is held in some cases that a court will construe a pleading most strongly against the pleader, yet it is well established that, where pleadings are neither indefinite nor ambiguous, the court is not required to construe it most strongly against the pleader, when a liberal construction will promote substantial justice between the parties. *Smith* v. *Borden* (1903), 160 Ind. 223, and cases cited.

2.

From the caption and the averments of the complaint before us, it is perfectly clear that appellant could not have been misled as to the character in which the relator sued. It is also urged against the third paragraph that it pleads a settlement between appellant and the board of commissioners, but seeks to avoid the same on the ground of fraud and mutual mistake, but does not aver that such settlement has been set aside. This paragraph first averred the facts shown in the other paragraphs, showing a defalcation on the part of appellant, and his consequent indebtedness to the county; that after appellant had gone out of office a controversy arose as to his settlement previously made, and an expert accountant was secured to audit appellant's books; that upon the showing made by this accountant, and by mutual mistakes of both of the parties, it appeared that the county was indebted to appellant in the sum of $4,600; that thereupon the county paid to appellant said sum; that said sum was so paid by mutual mistake of all of the parties, upon the basis of the report of said accountant, which report contained errors and mistakes and was fraudulent. It is also averred in this par-

agraph that by this action appellee does not seek to recover the amount so paid to appellant, but only seeks to recover the amount shown by his books to have come into his hands, as treasurer, during his term of office, and not accounted for.

A settlement of a county treasurer with his board of county commissioners, while unimpeached, is *prima facie* evidence that he has duly accounted to the proper officers;

3. but where, as here, it is shown that such settlement was made under a misapprehension of the facts, and through fraud and mutual mistake of the parties, it has no binding force whatever. *Murphy* v. *Oren* (1889), 121 Ind. 59.

It is provided by statute that such settlement shall not be conclusive. §6086 Burns 1908, §5811 R. S. 1881. The provisions of this act are for the protection of the

4. officers, as well as the protection of the county. *Board, etc.*, v. *Crone* (1905), 36 Ind. App. 283.

This is true, even though such settlement is not the regular settlement, but is by way of compromise to avoid litigation.

In *Zuelly* v. *Casper* (1906), 37 Ind. App. 186, quoting

5. from *Zuelly* v. *Casper* (1903), 160 Ind. 455, it was said, with reference to such settlement: "The board can no more make donations of the public revenues to a county officer than it can bestow such favor on private individuals."

A county officer with public money in his hands is not relieved of his obligation to repay the same to the proper authorities by either mistake or fraud of the board of commissioners. He can only be relieved of this obligation by paying over the money, and mistake, fraud or negligence of the board of commissioners in making settlements cannot be interposed as a substitute for such payment. The averments of this paragraph showed affirmatively that appellant had collected money, as treasurer, that he had not accounted for. This being so, and the demurrer admits it so to be, no agreement or settlement with the board could be set up as an

avoidance or estoppel for its recovery. The averments with reference to the settlement might be treated as surplusage. Certainly they do not rebut or vitiate the averments of the paragraph showing a shortage and consequent indebtedness to the county. The demurrers to the complaint were properly overruled.

After the arbitrators or commissioners, as they are called in the agreement, had completed their examination, and before making their report, it became known to appellant that their finding would be against him in about the sum stated. He thereupon filed a motion to revoke the submission to the commission, upon the ground of irregularities on the part of said commissioners. The charges were that two of said commissioners refused to act with the other commissioner, excluded him from their meetings, consultations and examinations, asserting, as a reason therefor, that such third commissioner was unduly prejudiced in favor of appellant; that they secretly held consultations, and received assistance from the relator; that they did not call upon appellee to furnish them any information or explanation of his books and records, and that their examination was unfair to him. These motions were overruled, and the rulings are assigned as error.

A common-law submission may be revoked at any time before the award is made, even though the agreement provides that the submission cannot be revoked. 2 Am. and 6. Eng. Ency. Law (2d ed.), 594-596, and cases cited. But in such submissions the court has nothing whatever to do with the same until after the award is filed. It is therefore left within the control of either party. But in the case before us the submission is a statutory submission made and entered upon under a rule of court. Its revocation, therefore, is not dependable upon the caprice or desire of either or both of the parties, but rests within the sound discretion of the court, and whether a revocation or a setting

aside of the submission is to be had is controlled and determined by the court.

The affidavits submitted for and against said motion were directly conflicting in a great many particulars. It does appear, however, without dispute, that by consent of 7. the parties the proceedings of the commission were wholly informal. There were no hearings fixed where both parties could be present, and none requested. The three commissioners were Netterville, Allen and Parker. They met together a part of the time in the beginning of the examination. Afterwards Netterville became sick and absented himself for several days, and Allen and Parker continued the work for a short time. Then the work was discontinued by all for several months. The work was then resumed by Netterville and Allen, Parker being present on only a very few occasions. It is stated in the affidavits of Netterville and Allen that Parker refused to continue the work, on the ground that he was too busy, while Parker swears that he did not refuse to continue the work, but was told by Netterville or Allen that they would notify him when they were ready to resume; but that they never notified him of their resumption of the work. It is shown, however, that Parker was clerk of the circuit court, and his office was not over twenty-five feet from the auditor's office, just across the hall from where the examinations were being made; that he daily saw Netterville and Allen at their work, but made no effort to join them or made any inquiry as to how they were progressing, or in any way showed any interest whatever in their proceedings. It is also shown that appellant had full knowledge of the manner in which the examination was being conducted, and made no objection whatever until he became aware of the conclusion that would be arrived at. Other facts were shown in the affidavits of Netterville and Allen, which, if true, clearly show a waiver of every objection made by appellee to the manner in which

the examination was conducted, as set out in his motion and affidavits. Some of these statements, however, were denied by appellee, and without considering the disputed statements, under the showing made, the court did not err in overruling either of said motions.

After the report of the commission was filed, appellant moved to set it aside, on the grounds: (1) That it shows upon its face that whatever examination was made, was made by Allen and Netterville, and the report is the report of those two and not of the three commissioners; that all three were required to act together; (2) that in truth and fact Allen and Netterville excluded Parker from participating with them in any way in their investigation, deliberations, conclusions and determinations after about one-half of the work was done, and said Parker never saw said report, and never had any voice or influence in regard to the same; (3) the same as the second, and in addition that Parker was at all times ready and willing to act with said commissioners, and that Allen and Netterville excluded him for the fraudulent purpose of enabling them to return a partial and unfair report; that said report is unfair to him and incorrect; that instead of his being indebted to the county, the county is indebted to him in a greater sum.

Under the provisions of the written agreement of submission and §§882, 898 Burns 1908, §§837, 853 R. S. 1881, the report of a majority was a valid report. But while a majority of an arbitration commission may make a report, all the proceedings, hearings and deliberations must be participated in by all the members. §882, supra; Dunphy v. Ford (1875), 2 Mont. 300; Shores v. Bowen (1869), 44 Mo. 396. In 3 Cyc., 653, the text is as follows: "Conferring upon arbitrators authority to render a majority award does not, by implication, authorize a majority, or any less number than the whole, to act upon the subject-matter submitted; and by granting such authority the parties cannot be held to have intended to dispense with

the operation of the rule which gives to the parties a right to the presence and effect of the arguments, experience, and judgment of each arbitrator during the whole proceeding." *Kent* v. *French* (1882), 76 Iowa 187, 40 N. W. 713; *In re Curtis* (1894), 64 Conn. 501, 30 Atl. 769, 42 Am. St. 200; *Doherty* v. *Doherty* (1889), 148 Mass. 367, 19 N. E. 352; *Lyon* v. *Blossom* (1855), 4 Duer (N. Y.) 318. But unanimity of action may be waived by the parties, and such waiver may be established by showing that the parties proceeded, without objection, with the hearing before a majority. 3 Cyc., 655; *Thompson* v. *Blanchard* (1854), 2 Iowa 44; *Bartolett* v. *Dixon* (1873), 73 Pa. St. 129; *Large* v. *Horicon Iron Mfg. Co.* (1866), 22 Wis. 691; *Ackley* v. *Finch* (1827), 7 Cow. (N. Y.) *290. And the burden is on the complaining party to show the invalidity of the award. *In re Curtis, supra; Phipps* v. *Thompkins* (1874), 50 Ga. 641; *Ackley* v. *Finch, supra.*

The award on its face does not show that all the members did not participate in the hearings. By its recitals and the presumptions arising therefrom, under the foregoing authorities, it was sufficient to withstand the first objection of the motion. The second and third objections rest upon the evidence submitted by affidavits. It was proper thus to assail the report. *Ackley* v. *Finch, supra.*

It is perfectly apparent from all these affidavits that the examinations and deliberations were not conducted with that formality and care that should characterize such proceedings, and the bitter charges and countercharges herein made are but the natural results of such loose methods. But it clearly appears that appellant had full knowledge of the general method of their work. He knew that only two were working together, and he knew that Parker was taking no part, and made no objections thereto.

It is shown that the commission commenced its work in December, 1903, and continued until the last of April, 1904, when the work was discontinued until September, 1904, at

which time it was again taken up and continued until the first part of March, 1905. That appellant and his representatives at different times were with said commission, consulting and advising with them during that time, and never at any time did appellant object to their manner of conducting the hearing, except to urge them to hurry it along, and it was after the work of examination had been practically completed, and after he had stood by and permitted the commission to proceed as it had for a year, and until he knew what the conclusion of the majority would be, that he appeared before the court to enter his first objection. It does not appear that he ever made any of the objections to the commission that he made in court, yet it is clear from all of the evidence that he had knowledge of substantially all of the facts from the beginning. Under these conditions he cannot now be heard to complain. It was his duty to see that the commission conducted their labors according to the agreement and the law, and, if he acquiesced in their departures, he cannot avail himself of the same.

Objection is made to the refusal of the court to open the issues and permit appellant to file additional paragraphs of answer. These paragraphs sought to plead the former settlement with the board of commissioners as a former adjudication.

It is well settled that the allowance of a claim by a board of county commissioners is not a judicial determination. *Gross* v. *Board, etc.* (1902), 158 Ind. 531, 58 L. R. A. 394; *Board, etc.,* v. *Nichols* (1895), 12 Ind. App. 315, 54 Am. St. 528. And, as we have seen, a settlement of such board with a county officer does not conclude the county. §6086 Burns 1908, §5811 R. S. 1881; *Zuelly* v. *Casper* (1906), 37 Ind. App. 186. The answers, therefore, failing to present a complete defense to either paragraph of the complaint, were properly excluded.

It is also urged that the court erred in excluding testimony offered to show that the board had compromised and

settled with appellant for all differences. This presents the same question heretofore considered, and for the same reasons we hold the evidence properly excluded.

We find no reversible error.    Judgment affirmed.