Curtis A. YOCOM, Plaintiff-Appellee,

v.

William H. CARPENTER and Rose Marie Carpenter, Defendants-Appellants.

No. 83–1202.

Court of Appeals of Iowa.

June 26, 1984.

Robert H. Laden and Thomas P. Schlapkohl of Hyland, Laden & Pearson, P.C., Des Moines, for defendants-appellants.

Paul M. Goldsmith of Shelton, P.C., Chariton, for plaintiff-appellee.

Heard by SNELL, P.J., and HAYDEN and SACKETT, JJ.

SNELL, Presiding Judge.

Plaintiff landlord filed a petition seeking an accounting when a dispute arose concerning a farm lease. The matter was submitted to a panel of three arbitrators, one appointed by each side with the third appointed by the other two. Defendants appeal from dismissal of their subsequent motion for judgment upon the arbitration award, dismissed on the ground that the arbitration award was unenforceable.

The arbitration clause of the contract stated:

Any differences between the landlord and the tenant shall upon the request of either party be submitted to arbitration by one disinterested person agreeable to both, or by three designated persons, one of whom shall be selected by the tenant, one by the landlord, and the third by the two thus appointed. The decision of the arbitrator(s) shall be binding upon the parties to this contract.

The trial court found that plaintiff's withdrawal from arbitration on February 25, 1981, occurred prior to entry of the award. As of the date of withdrawal the arbitrators had reached a decision on some issues but had not agreed concerning a division of farm cattle, had not divided the 1979 and 1980 corn and bean crops in bins on the farm, and had not determined the question of whether the tenant was in violation of the lease terms by farming other land. Furthermore, one of the arbitrators was not present at all of the arbitration meetings.

Defendant urges us to adopt the rule of *Astwood v. Wanamaker*, 26 Pa.Super. 591 (1904), in which the court held that where an award is made covering certain intricate and involved business transactions, and such award specifically excludes certain submitted matters which were not in condition for adjudication, and judgment is entered on the award, the court will consider the award as conclusive to the matters decided. *Id.* at 595. The rule in Iowa is:

If matters are considered by the arbitrators which were not submitted; if they shall commit such material errors or mistakes as prejudice either party; *or omit to consider matters which were submitted;* for these and for other causes, as well as for fraud, the award may be rejected by the court to which it is returned, or impeached when an action is brought to enfor[c]e it.

*Thompson v. Blanchard,* 2 Iowa 44, 48, 2 Clarke 44, 49 (1855) (emphasis added). The trial court in the instant case was justified in rejecting the arbitrators' decisions because not all matters submitted to them had been decided. The court was justified further because not all arbitrators were present for all decisions, and "it followed of course that the award should be set aside, and the setting it aside was a mere matter of form." *Cary v. Bailey,* 55 Iowa 60, 61, 7 N.W. 410, 410 (1880).

The Iowa Supreme Court has reversed a judgment rendered upon an award of arbitrators where the hearing was had before but two of the arbitrators. The court's reasoning was that:

By the terms of the submission [the third arbitrator] was not a mere umpire to decide questions upon which the other arbitrators might differ. He was to act with the others in hearing evidence, the arguments of counsel, and making up the award. If any two of the three should agree as to the rights of the parties their award should be binding. But two of the three had no right nor authority to hear and determine the controversy without the aid of the other.

*Kent v. French,* 76 Iowa 187, 188–89, 40 N.W. 713, 714 (1888).

For these reasons, we find the trial court was justified in dismissing defendants' motion for judgment on the arbitration award.

AFFIRMED.