## WALKER ET AL. *v.* HELLER.

PRACTICE.—*Dismissal of Action.*—The plaintiff in an action tried by the court can not dismiss the same after "the finding of the court has been announced."

SAME.—*Announcement of Finding.*—*What is.*—An entry in such cause, made in the proper order book by direction of such court, finding in favor of one defendant, generally, and for the plaintiff, against another defendant, "in the sum of ——— dollars," is such an announcement of the finding of the court as will preclude a dismissal of the action, and can not be erased by a subsequent entry of such court.

SAME.—*Record.*—*Signing Minutes.*—*Presumption.*—*Supreme Court.*—Where the contrary does not appear, the Supreme Court, on appeal, will presume that the minutes of the court below, as entered upon its order book by its clerk, have been regularly signed by the judge.

From the Hancock Circuit Court.

*W. R. Hough* and *A. W. Hough,* for appellants.

*J. L. Furgason, J. A. New* and *J. H. Mellett,* for appellee.

WORDEN, J.—This action was brought by the appellee, Heller, against Thomas L. Marsh and Meredith Walker, upon a promissory note. The defendant Walker answered, and the issue joined was submitted to the court for trial.

After the submission of the cause, and after it had been taken under advisement by the court from one term to another, the court, at a regular term, viz., on July 13th, 1875, that being the 31st juridical day of the term, directed the clerk to make the following entry in the cause, viz.:

" Come the parties by counsel, and the court, being fully advised in the premises, finds for the plaintiff and against the defendant, Thomas L. Marsh, on a promissory note, in the sum of —— dollars, including —— dollars attorney's fees herein, without relief from valuation or appraisement laws; and the court further finds for the defendant Meredith Walker."

Afterward, on the 15th day of July, 1875, it being the 33d juridical day of the term, the plaintiff asked and obtained leave to dismiss his action, which was done, and Walker excepted. On the last named day, the court directed the clerk to make the following entry below the entry made of the finding, which was done, viz.:

" The above entry was made by the clerk of this court in obedience to my directions, and before my finding was announced; afterward, and before my finding was announced, the plaintiff dismissed his complaint, and therefore the above entry is erased. July 15th, 1875."

To this action of the court Walker also excepted, and he alone appeals, Marsh having declined to join in the appeal.

The main question presented is, whether the court erred in permitting the plaintiff to dismiss his action at that

stage of the proceedings. The statute provides, that "An action may be dismissed without prejudice : *First.* By the plaintiff, before the jury retire; or when the trial is by the court, at any time before the finding of the court is announced." 2 R. S. 1876, p. 184, sec. 363.

It would seem to have been the intention of the Legislature, that a plaintiff should not dismiss his action, where the trial is had by the court, after the finding is announced. If he could do this, he could secure the benefit of two trials in the same cause, by commencing his action anew, the first finding being against him. The question arises, whether the finding of the court had been "announced," within the meaning of the statute, at the time the plaintiff was permitted to dismiss his action. The court below seems to have gone upon the theory that the finding was not " announced " until it was orally stated from the bench. But the definitions of the word give it a much broader significance. Worcester defines " announced " as follows: "1. To give public notice of; to proclaim; to declare; to publish. 2. To pronounce; to declare by judicial sentence."

There was in this case a clear finding in favor of the appellant Walker. It was published by order of the court, by entering it upon the order book of the court; and the court thereby declared the finding by judicial sentence. The entry of the finding, it will be remembered, was made on the 31st juridical day of the term. The order dismissing the cause, and the order erasing the entry of the finding, were not made until the 33d juridical day of the term. We must presume, the contrary not appearing, that the proceedings of the 31st day of the term were publicly read in open court, and signed by the judge, as required by statute. 2 R. S. 1876, p. 10, sec. 22. In the usual course of business in the courts, the minutes of the proceedings of the previous day are read in the morning and signed by the judge; and we think we may well presume that the entry of the finding in question was,

amongst other entries, read and. signed by the judge on the 32d juridical day of the term, the day before the action was dismissed.

We are of opinion that there had been a clear annunciation of the finding at the time the action was dismissed, and that the court erred in permitting the plaintiff to dismiss his action, and in making the entry purporting to erase the entry of the finding.

The judgment below dismissing the action is reversed, with costs, and the cause remanded, with instructions to the court below to reinstate the action, and to strike out the entry purporting to erase the entry of the finding, and for such further proceedings in the cause as may be proper.