Winstandley *et al. v.* Breyfogle, Trustee, *et al.*

---

WINSTANDLEY ET AL. *v.* BREYFOGLE, TRUSTEE, ET AL.

[No. 18,115. Filed November 3, 1897.]

APPEAL AND ERROR.—*Bill of Exceptions.*—*Longhand Manuscript of Evidence.*—The record must affirmatively show that the longhand manuscript of the evidence was filed in the clerk's office before it was incorporated in the bill of exceptions. *p. 619, 620.*

SAME.—*Special Finding.*—A special finding must be identified by the signature of the trial judge, or must be made part of the record by bill of exceptions or order of court. *p. 620.*

SAME.—*Exceptions to Conclusions of Law.*—An exception to conclusions of law, to be available, must be taken before any other steps are taken in the case. *p. 620.*

SAME.—*Bill of Exceptions.—Clerk's Certificate.*—The clerk's certificate of authentication should not be found in a bill of exceptions, but should, itself, authenticate such bill, as well as the pleadings and entries of the case. *p. 621.*

From the Monroe Circuit Court. *Affirmed.*

*G. O. Iseminger, R. G. Miller* and *J. R. East,* for appellants.

*F. M. Trissal* and *Hatch & Ritsher,* for appellees.

HOWARD, J.—This seems to have been an action by appellants against appellee to set aside as fraudulent certain sales of real estate and personal property, and to subject such property to the payment of debts mentioned in the complaint.

The appellants have furnished us with a meager and unsatisfactory brief of three typewritten pages. The only action of the court concerning which there is any discussion in this brief is as to the conclusions of law. In contending that these conclusions were erroneous, counsel refer us to the special findings of the court, saying: "See bill of exceptions, between pages 29 and 30, special findings." Turning to what appears in the transcript as a bill of exceptions we do not discover anything between pages 29 and 30; neither have we been able to meet with any special findings anywhere in the so-called bill of exceptions.

This bill of exceptions is without marginal notes. Besides, from the judge's certificate, it appears that on January 24, 1896, when the bill was presented to him, it contained the longhand manuscript of the evidence. The clerk's certificate shows that this manuscript of the evidence was not filed in his office until

January 28, 1896, at which time the bill of exceptions was also filed. It is evident, therefore, that the bill of exceptions is not in the record, and it is immaterial whether it may contain the special findings of the court or not, even if such findings could be made a part of the record by such a bill of exceptions.

In the first part of the written transcript we do find six typewritten pages inserted, which are in the form of special findings of fact; but these findings are not signed by the judge, neither are they followed by any conclusions of law. The transcript shows that three days afterwards, and after acting upon a motion for a *venire de novo* and upon a motion for a new trial, the court made "its conclusions of law upon the special findings of facts filed the present term." Whether these conclusions were upon the facts to which we have referred we do not know. It is not shown that the conclusions of law were filed with such facts, or that they were filed at all.

A special finding, as held in *Ferris* v. *Udell*, 139 Ind. 579, must be identified by the signature of the judge, or must be made a part of the record by bill of exceptions or order of court. The judge is to state both the facts and the conclusions of law in writing, the conclusions immediately following and in connection with the facts; and his signature after the conclusions will be sufficient. The exception to the conclusions of law, to be available, should, in general, immediately follow such conclusions. It should at least be taken by the party before he takes any other steps in the case. The utmost latitude, as suggested in Elliott's App. Proc., section 793, is that, "The exception is shown to be timely if it appears in the same entry as that in which the special finding is contained." See, also, *Roberts* v. *Smith*, 34 Ind. 550; *Service* v. *Gambrel*, 110 Ind. 349; *Branch* v. *Faust*, 115 Ind. 464.

But it can hardly be said that any part of the transcript before us is authenticated as a part of the record. The only certificate of the clerk as to the correctness of the transcript of the pleadings and record entries is found in and as a part of the so-called bill of exceptions. The clerk's certificate of authentication should not be found in the bill of exceptions, but should itself authenticate such bill, as well as all the pleadings and record entries of the case. We have seldom met with so unsuccessful an effort to bring up a record to this court. No question being presented, the judgment is affirmed.