## ZUELLY ET AL. v. CASPER ET AL.

[No. 5,957. Filed January 24, 1906.]

1. PLEADING.—*Answer.*—*Failure to Demur.*—*Testing Same by Questioning Sufficiency of Evidence.*—Where plaintiffs fail to demur to defendants' answers, they may question the sufficiency of such defenses by objecting to the sufficiency of the evidence. p. 188.

Zuelly v. Casper—37 Ind. App. 186.

2. INTEREST.—Officers.—Unlawful Fees.—Where public officers retain illegal fees, they are chargeable with six per cent interest thereon to the time of payment. p. 190.

3. OFFICERS.—Fees and Salaries.—Illegal Allowances.—Right to Retain.—The allowances by the boards of commissioners of unlawful fees to public officers is no justification for the retention of same. p. 191.

4. COMPROMISE AND SETTLEMENT.—Dismissal of Suit.—Officers.— Boards of Commissioners.—Unlawful Fees.—Statutes.—Where a county auditor retained unlawful fees allowed by the board of commissioners his compromise by the repayment of a less sum to such board is ineffectual to release him, and a dismissal of a pending suit by such board does not affect the matter, since by §7913 Burns 1901, §5811 R. S. 1881, settlements by public officers' paying less than the amount due and owing are not conclusive nor binding on the public. p. 191.

5. DISMISSAL AND NONSUIT. — Rights of Parties. — Statutes. — Under §336 Burns 1901, §333 R. S. 1881, plaintiff may dismiss his cause of action at any time before the jury retires or before the court's decision is announced, the effect being that plaintiff must pay the costs, and such dismissal does not preclude the bringing of a new case for the same cause. p. 192.

6. JUDGMENT.—Res Judicata.—Estoppel.—A judgment in form: "And on motion of plaintiff this cause is dismissed by agreement, at the plaintiff's costs," is not res judicata as to the merits of the cause, and defendant is not thereby estopped from filing a new action for the same cause, no fraud being shown and defendant being cognizant of all of the facts. p. 192.

7. PLEADING.—Complaint.—Amendments.—Abuse of Discretion. —Where plaintiffs asked leave to amend their complaint, after the evidence had been received, to show that the court should take into consideration a sum alleged to have been paid as a compromise, the overruling of such request was erroneous as an abuse of legal discretion. p. 193.

8. APPEAL AND ERROR.—Law of the Case.—Where the Supreme Court has held a complaint good upon a prior appeal, its decision is the law of the case on subsequent appeals. p. 193.

9. COMPROMISE AND SETTLEMENT.—New Suit.—Return of Consideration.—Where defendant pays a certain sum for the dismissal of a pending suit, or pays such sum in an attempted discharge of a larger liquidated sum, it is not necessary to tender such sum back when a new action is brought for the same cause. p. 193.

10. LIMITATION OF ACTIONS.—Officers.—Individual Actions for Recovery of Illegal Fees.—A suit by taxpayers against a county

auditor individually for the recovery of illegal fees retained, is not barred by the five-year statute of limitations prescribed for certain actions by §294 Burns 1901, §293 R. S. 1881.  p. 193.

From Perry Circuit Court; *C. W. Cook,* Judge.

Suit by Adolph Zuelly and others against Martin F. Casper and another.  From a decree for defendants, plaintiffs appeal.  *Reversed.*

*John W. Ewing* and *Sol. H. Esarey,* for appellants.

*William T. Zenor, Philip Zoercher, Jerry L. Suddarth* and *M. D. Casper,* for appellees.

Roby, C. J.—This is the second appeal.  *Zuelly* v. *Casper* (1903), 160 Ind. 455, 63 L. R. A. 133.  Before this action was begun the Perry Circuit Court enjoined the board of county commissioners from proceeding with its employed expert accountant to investigate the books, papers and records of the offices of auditor and treasurer of said county.  An appeal was taken by the board and the person with whom it had contracted.  Pending the appeal there was a change in the membership of the board.  It thereupon filed a dismissal; but its coparty continued in court, and the judgment was reversed.  *Board, etc.,* v. *Gardner* (1900), 155 Ind. 165.

Before the change in membership above referred to took place, an action was begun by the county against appellee Casper for the recovery of alleged illegal fees held by him.  The questions presented by this appeal principally arise, as will be hereinafter shown, from the disposition made of that action.

Appellee Casper answered in eleven paragraphs, he and the board answered jointly in one paragraph, and the board answered separately in two paragraphs.  No demurrer was addressed to any paragraph of answer, but the issue was closed by replies.  The appellants were not bound to demur, and are entitled to make their objections to the sufficiency of the evidence.  *Ayres* v.

*Blevins* (1901), 28 Ind. App. 101. The issues were broad enough to present the questions hereafter discussed. Trial was had and finding for appellees. Appellants' motion for a new trial was overruled, and such ruling forms the basis of the error assigned. In this action appellants, taxpayers of the county, seek to recover illegal fees on behalf of the county, which it is alleged, as shown by the opinion in *Zuelly* v. *Casper, supra,* are in the hands of its enemies.

The illegal fees which are sought to be recovered in this suit include those to recover which action was originally brought by the board of commissioners, although a large number of items are included in the bill of particulars in this case which were not embraced in that one. It is claimed by appellees that the matters which are now sought to be litigated were adjudicated in the prior action, that the county is estopped by conduct from setting up its claim, that the unwillingness of the board to bring this suit was not proved, that it can not be maintained without showing a return of, or an offer in the complaint to return, the amount paid by Casper, as hereafter set out, and that the action is barred by the statute of limitations. The circumstances connected with the disposition of the prior action are, according to the testimony of Cassidy, who was then a member of the board, that one of Casper's lawyers called on him and said: "Now, we would like to have a talk about this matter. It is coming up for trial to-morrow morning, and, if we could settle this matter, probably it would be better." The meeting took place and resulted in the execution of an instrument in terms as follows:

"Cannelton, Indiana, May 8, 1900. Received of Martin F. Casper, the sum of $1,425.77, same in full of all dues, demands, rights and credits due and owing to the county of Perry, in the State of Indiana, from said Martin F. Casper for money illegally paid him by the board of commissioners of said county at the time and while said Casper was auditor of said

county, said money being paid in by said board and illegally allowed him as such auditor for service as such auditor. That this settlement and said amount as received as aforesaid is in full satisfaction of all demands of whatsoever nature or description due and owing to said county by said Casper as such auditor, and that the suit now pending against him before the Perry Circuit Court, No. 266 on the docket of said court, wherein the board of commissioners is plaintiff, and said Martin F. Casper is defendant, shall this day be dismissed."

An entry was thereupon made in the commissioners' record following the language of the receipt and a dismissal entered in the circuit court as follows: "And on motion of plaintiff this cause is dismissed by agreement, at the plaintiff's cost."

A specific bill of particulars is filed with the complaint. Its accuracy was established upon the trial without much controversy. To the amount withheld, interest at six per cent should be added. *Tucker* v. *State, ex rel.* (1904), 163 Ind. 403. This claim, amounting to about $6,000, was discharged by the board, so far as they had power to discharge it, upon the payment of $1,425.77. This sum was fixed upon, according to the testimony of the witness Cassidy, by excluding from the charge against the auditor all items barred by the statute of limitations and by giving him credit for $250, which was claimed by him for making a statement of the indebtedness of the county, one of the commissioners saying: "I always wanted that claim paid because he did the work."

The questions, both of law and fact, connected with the application of the statute of limitations, are questions of difficulty. There does not seem to have been any exigency requiring immediate action, so far as the county was concerned, and an immediate determination by a court of competent jurisdiction, whose conclusions were reviewable,

could have been had. The county could lose nothing through such trial and judgment, since it was demanding only that which belonged to it. In order to fix upon the amount named, it must have been necessary to concede every claim made by the auditor. That some such process was followed is indicated by the fact that the $250 credit above referred to was made in addition to those on account of the statute of limitations, and that the service for which such sum was allowed was one which it was the duty of the auditor to make, his neglect or refusal to make it being a misdemeanor punishable by a fine of not less than $100 or more than $500. §7918 Burns 1901, Acts 1891, p. 45. The inclusion of this amount in the credits avowedly given the auditor in such attempted settlement imparts character to the entire transaction, tends strongly to overthrow the presumptions accorded to public officers, and sufficiently establishes the necessity for and right of the appellants to maintain this action.

It is well settled that the allowance of illegal claims by the board to the officer does not furnish a justification to him for the retention of the amounts thus secured.

3. *Tucker* v. *State, ex rel., supra.* It was said in the prior appeal (*Zuelly* v. *Casper, supra*) : "The board can no more make donations of the public revenues to a county officer than it can bestow such favors on a private individual."

The statute contains an express limitation upon their power in this respect: "No settlements made by the board of commissioners of the several counties of this

4. State with any county, township or school officer shall be conclusive and binding on the state or county, where any such officer has failed, in any manner, to account for any and all moneys which he may have collected or received by virtue of his office, or has failed or omitted to perform any duty required of him by law; and

every such officer and his sureties shall be held liable therefor, the same as if no such settlement had been made. §7913 Burns 1901, §5811 R. S. 1881.  It necessarily follows that the auditor was not released by such settlement from liability for the repayment of moneys illegally held by him, nor is the power of the board extended by the entry of dismissal in the circuit court.  The agreement there referred to is the agreement of the board, limited exactly as it would be if otherwise evidenced.

The judgment of a court having full jurisdiction concludes the parties upon the issue submitted to it.  It is claimed that the dismissal of the prior action amounts to such judgment.  What the rule was in equity or at common law (the record does not purport a determination of the issue by the court) is immaterial in view of the statutory provision: "An action may be dismissed without prejudice, First.  By the plaintiff, before the jury retires; or, when the trial is by the court, at any time before the finding of the court is announced." §336 Burns 1901, §333 R. S. 1881.  The penalty for such dismissal is the payment of costs.  A second action is presumed to be vexatious and its prosecution will be stayed until such costs are paid or a valid excuse for nonpayment shown.  *Eigenman* v. *Eastin* (1897), 17 Ind. App. 580.

That an agreement to pay money in consideration of the dismissal of a pending action is valid, is beside the question here presented.  *Jones* v. *Rittenhouse* (1882), 87 Ind. 348; *Moon* v. *Martin* (1890), 122 Ind. 211.  The defense of *res judicata* is not available. Neither is any estoppel shown.  No actual fraud has been practiced upon the appellee Casper, and he has at all times been in full possession of all facts, while he has paid nothing except what was his to pay.  Indeed, no element of estoppel is in the case.

With regard to the repayment or offer of repayment of the $1,425.77, it may be noted that upon the conclusion of

the evidence appellants asked leave to amend their 7. complaint so as to pray the court to take into consideration in its decree said sum thus paid, to which amendment appellees objected, their objection being sustained. If the present contention were granted, then the action of the court in refusing to allow said amendment would be a clear and palpable abuse of discretion. In the former appeal the complaint was held to state a 8. cause of action. The law of the case thus established controls subsequent proceedings. *Keller* v. *Gaskill* (1898), 20 Ind. App. 502. If the amount paid was paid for the dismissal of the pending suit, then its return was not a prerequisite to the trying of the present action. The party receives all for which he con- 9. tracted. *Reddick* v. *Keesling* (1891), 129 Ind. 128, 135. If it was a mere payment upon the amount due the county, the agreement to discharge was *nudum pactum* and the residue may be recovered. *Bateman* v. *Daniels* (1839), 5 Blackf. 71.

The appellee Casper answered the five-year statute of limitations. Under §294 Burns 1901, cl. 2, §293 R. S. 1881, suits upon the bonds of public officers, for 10. breach of official duty, are limited to five years. This is not a suit upon an official bond, and the limitation thus fixed does not apply. It will be time enough to determine other questions relative to the statute of limitations, as applied to the peculiar facts of this case, when they are presented.

The judgment is reversed, and the cause remanded, with instructions to sustain appellants' motion for a new trial and for further proceedings.

Black, P. J., Wiley, Myers and Robinson, JJ., concur. Comstock, J., absent.