## WALL ET AL. *v.* HUTTON ET AL.

[No. 14,107.   Filed December 5, 1930.   Rehearing denied June 17, 1931.   Transfer denied July 17, 1931.]

Bomberger, Peters & Morthland, Glenn D. Peters and
Abe Ottenheimer, for appellants.

William J. Whinery, for appellees.

NICHOLS, J.—This is an appeal from the action of the
court in sustaining appellees' motion to dismiss their case.

It appears by a special bill of exceptions, which is
signed and properly made a part of the record, that on
March 3, 1930, before the regular session of court for
that day was convened, the judge of the court announced
to the parties and their respective counsel that he had
prepared his special findings of fact as requested by the
parties, and suggested that counsel and himself retire to
his chambers where the special findings of fact might be
discussed by the parties concerned. Thereupon, such
counsel and the judge retired to the judge's chambers,
and there they informally discussed the findings of fact,
the same being made a part of the bill of exceptions.
At the termination of the discussion, the judge delivered
to each of counsel a copy of his special findings, and sub-
sequently, after the formal convening of the court, made
the following entry in the docket of the court: "3/3/30.
Court files special findings of fact."

On March 5, 1930, appellees filed their motion to dis-
miss the case without prejudice, and the court stated:
"Which motion is by the court sustained and the cause
dismissed, and to which ruling of the court, the defen-
dants except." We hold that this was an order of
dismissal, which, in effect, was a final judgment.

Appellees have filed their motion to dismiss the ap-
peal, contending that the ruling of the court sustaining
appellees' motion to dismiss the case is not a final
judgment from which an appeal will lie. But
this court, in McGraw v. Nickey (1911), 47 Ind.

App. 159, 93 N. E. 1003, has held otherwise, and now so holds. The motion to dismiss is overruled.

Appellees call attention to the fact that the special findings of fact are not signed by the court, and that no conclusions of law are stated, and then contend that the findings amount to a general finding.

The statute does not provide that special findings must be signed by the court, but, in *Peoria, etc., Ins. Co.* v. *Walser* (1864), 22 Ind. 73, it was held that as an evidence of its genuineness to an appellate court, it should be signed by the court or incorporated in a bill of exceptions signed by the judge. See *Winstandley* v. *Breyfogle* (1897), 148 Ind. 618, 48 N. E. 224; *Coffinberry* v. *McClellan* (1905), 164 Ind. 131, 73 N. E. 97; *Massachusetts, etc., Ins. Co.* v. *Indiana State Bank* (1921), 76 Ind. App. 608, 132 N. E. 693; *Ferris* v. *Udell* (1894), 139 Ind. 579, 38 N. E. 180.

The special findings herein were made a part of the bill of exceptions duly signed by the court. We do not see, however, that, even if the findings were general instead of special, the announcement thereof would not have the same effect as if they were special.

It is further contended that there was no announcement of the findings at the time of the dismissal by appellees, but it appears that the court, on March 3, 1930, entered upon its docket, "3/3/30. Court files special findings of fact," and that the attempted motion to dismiss was not filed until two days thereafter. In *Walker* v. *Heller* (1877), 56 Ind. 298, it is held that an entry in a cause made in the proper order-book, which is a public record, by direction of the court, finding in favor of one defendant generally, and for the plaintiff against another defendant, is such a finding as will preclude a dismissal of the case. In this case, the

entry was made by the judge himself upon the court's docket, which is a public record.

The court erred in sustaining appellees' motion to dismiss their case.

Judgment reversed.