## KIMBLE v. JOLLY

[No. 27,444.   Filed December 16, 1940.]

Lawrence H. Robbins and Lewis A. Lee, both of Anderson, for appellant.

Lawrence Booram and Grace B. DeArmond, both of Anderson, for appellee.

FANSLER, J.—The appellee brought this action against the appellant by a complaint in one paragraph. A demurrer to the complaint was overruled. The next entry in the record recites that the cause was submitted to the court for trial, and "the court finds for the plaintiff on his complaint and the amendments thereof and thereto . . . ." There was a finding and judgment for the plaintiff.

The record contains a bill of exceptions, designed, we are advised, to present a reserved question of law under § 2-3114, Burns' 1933, § 469, Baldwin's 1934. The bill of exceptions is short, and contains merely a certificate of the judge that the demurrer to the complaint was overruled and an exception taken. But this appears otherwise by the record, and the only error assigned by the appellant is the overruling of the demurrer. The praecipe calls for "the complaint and demurrer thereto and the order book entries with reference to the same, the judgment therein rendered and to include the original bill of exceptions in said transcript." The transcript does not show an order book entry of the filing of an amended complaint or an amendment to the complaint, but the finding and judgment signed by the trial judge show a finding on the complaint "and the amendments thereof and thereto."

If, under the praecipe, the clerk had included order book entries showing the filing of an amendment to the complaint, the rule of liberal construction would permit a holding that the praecipe was broad enough to include such entries. But they are not included, and the finding and judgment show that the case was tried upon the complaint and amendments. We must conclude that the complaint was amended, and that the clerk construed the praecipe as calling for the original complaint and order book entries with reference to the original complaint only.

The demurrer was upon the ground that certain essential allegations had been omitted. It does not appear that the omission, if it was fatal, was not supplied by the amendments. It is well settled that amended pleadings take out the original pleadings and leave no question for review upon rulings upon the original pleadings.

Since no question is presented upon the amended pleadings upon which the case was tried, and no other question than that arising upon the overruling of the demurrer to the original complaint is sought to be presented, the judgment must be affirmed.

Judgment affirmed.

NOTE.—Reported in 30 N. E. (2d) 463.