MENDENHALL, EXTR., ETC. *v.* LAY, ET AL.

[No. 18,406. Filed April 16, 1953. Rehearing denied May 14, 1953.]

*Charles E. Mendenhall,* of Indianapolis, for appellant.

*Bachelder & Fife,* of Indianapolis, for appellees.

KENDALL, J.—Suit by appellant as executor of the estate of William E. Mendenhall, deceased, against ap-

pellees in two paragraphs. Paragraph one was based upon a note executed by appellees in favor of William E. Mendenhall, now deceased, which was secured by a mortgage in the principal sum of Two Thousand ($2,000.00) Dollars, plus interest, dated December 1, 1947. The second paragraph was based upon a note dated December 18, 1946, which note was alleged to be due and payable one year from date thereof in the principal sum of One Thousand ($1,000.00) Dollars, plus interest.

The court found for the defendants, appellees herein, on the first paragraph of complaint and for the plaintiff, appellant herein, on the second paragraph of complaint, and rendered judgment against appellees in the sum of Three Hundred and Twenty ($320.00) Dollars, plus interest at three (3%) percent, and One Hundred and Twenty-five ($125.00) Dollars attorney fees.

Motion for new trial was timely filed by appellant, which was overruled.

The appellant's assignment of errors are as follows:

1. The court erred in admitting into evidence defendant's exhibit one over the objection of the plaintiff.

2. The court erred in overruling plaintiff's motion to strike all of the testimony of co-defendant, Fred Lay, as being incompetent.

3. The court erred in overruling Appellant's motion for new trial.

Assignment of errors numbers one and two endeavor to assign independently certain errors which it is alleged the court committed and which were not made a part of the motion for new trial.

Specific errors complained of must be pointed out in the motion for new trial. *Snodgrass and Others* v. *Hunt* (1860), 15 Ind. 274, *Reese et al.* v. *Caffee et al.* (1892),

133 Ind. 14, *Hawkins* v. *Wheat* (1945), 223 Ind. 239, 59 N. E. 2d 728.

Assignment of errors numbers one and two do not present any question to this court since the alleged errors are not set forth by the appellant in the motion for new trial. These alleged errors are not proper as independent assignment of errors.

The appellant asserted as grounds for his motion for new trial that the court erred in overruling his motion to dismiss his first paragraph of complaint. Appellant contends that he had a right to dismiss said amended first paragraph of complaint for the reason that no decision had been made by the court; however, in the instant case, the court had announced in open court his written findings in said cause of action, which, in our opinion, constituted a sufficient decision so far as to estop the appellant from dismissing any portion of his pleading.

Section 2-901, Burns' 1946 Replacement provides as follows:

"Dismissal without prejudice.—An action may be dismissed without prejudice—First. By the plaintiff, before the jury retires; or, when the trial is by the court, at any time before the finding of the court is announced. . . ."

We believe the general rule to be that a party may dismiss his suit or a paragraph thereof at any time before the court announces its findings, but, after the finding is announced, said motion comes too late. *Wall* v. *Hutton* (1931), 92 Ind. App. 705, 173 N. E. 600; *Walker et al.* v. *Heller* (1877), 56 Ind. 298.

In the case of Walker et al. v. Heller, *supra*, it was held that an entry in a cause made in the proper order book, which is a proper record, by direction of the court, finding in favor of one defendant generally and for the

plaintiff against another defendant, is such a finding as will preclude a dismissal of the case. (See also *Zuelly* v. *Casper* (1906), 37 Ind. App. 186, 76 N. E. 646.) The court further stated, in the Walker et al. v. Heller case, *supra,*

"It would seem to have been the intention of the Legislature, that a plaintiff should not dismiss his action, where the trial is had by the court, after the finding is announced. If he could do this, he could secure the benefit of two trials in the same cause, by commencing his action anew, the first finding being against him."

We therefore hold that the court did not err in overruling appellant's motion to dismiss his amended first paragraph of complaint.

Specification number two of the motion for new trial avers that the court erred in permitting Fred Lay to testify over the objection of the appellant. This question was settled in the recent case of *Minninger* v. *New York Central R. R.* (1952), 123 Ind. App. 338, 109 N. E. 2d 104, in which the court announced the rule to be,

"No error is presented with reference to the rejection of the testimony offered by appellant, for the reason that the objection and offer to prove are not set forth in the motion for new trial."

Specification numbers three and four of the motion for new trial question the sufficiency of the evidence to sustain the decision and that the decision is contrary to law. This being an appeal from a negative judgment, the sufficiency of the evidence cannot be questioned. In the argument portion of the appellant's brief, the appellant does not support by argument or with authority either of these matters, and therefore, no question is presented to this court on appeal.

490

Furthermore, specification number three of the assignment of errors presents no question for decision to this court for the reason that the appellant's motion for new trial is not set out in appellant's brief or the substance thereof. *Martin* v. *Goldsberry* (1942), 113 Ind. App. 146, 47 N. E. 2d 162.

We have examined the assignment of errors which are properly before the court, and, finding no error, judgment is affirmed.

NOTE.—Reported in 111 N. E. 2d 662.