BECKER *v.* INDIANA NATIONAL BANK, ETC. ET AL.

[No. 18,976. Filed May 13, 1958. Rehearing denied June 13, 1958. Transfer denied September 29, 1958.]

John W. Becker, of Indianapolis, and Kincaid & Goodwin, of counsel, of Lebanon, for appellant.

Russell I. Richardson, and Stewart & Richardson, of Lebanon, for appellees.

KELLEY, C. J.—The appellees, as co-executors of the last will and testament of Albert E. Uhl, deceased, brought action against appellant to recover a real estate sales commission, allegedly due the decedent, then a duly licensed real estate broker, for professional services rendered as such broker in connection with the sale of 194.67 acres of a 400 acre tract of which appellant was the equitable owner.

Upon request therefor by appellant, the court made and entered special findings of fact and conclusions of law. The findings of fact made by the court were, in substance, as follows:

1. Recites death of decedent, Albert E. Uhl, on June 5, 1953 and that appellees were duly appointed and qualified co-executors of his will and were such at the time the action was commenced.

2. That decedent was a duly licensed real estate broker and operated his business under name of Albert E. Uhl Company in Indianapolis.

3. That sometime prior to January 8, 1953 the Board of Trustees of Indiana University, as

owner of approximately 400 acres of land known as the "A. C. Harris Farm" in Hamilton County, Indiana, entered into an installment contract with the appellant by which it agreed to sell the real estate to appellant and on January 8, 1953, the latter was in possession thereof and owned an equitable interest therein.

4. That on or about January 8, 1953, decedent and appellant entered into a written agreement designated as a Listing Contract whereby appellant employed decedent to sell said real estate under exclusive right to do so, including appellant's interest therein, for $160,000.00, under the terms and conditions set forth in Exhibit A to appellees' complaint.

5. That on March 3, 1953, A. Harold Weber and Vincent Rush, through their attorney, C. B. Dutton, made a written proposition to appellant through the decedent, to purchase 200 acres, more or less, of said acreage for $80,-000.00, upon certain terms and conditions set out in the written proposition contained in the written instrument designated as Exhibit B made a part of appellees' complaint; that decedent submitted said proposition to appellant for acceptance or rejection, and appellant accepted said written proposition in writing and promised in writing signed by appellant to pay decedent a commission of 5% of the consideration paid for said real estate, described in said Exhibit B.

6. That thereafter appellant caused a survey of said real estate described in said written proposition to be made and exact acreage was determined to be 194.67 acres. The consideration actually paid by purchasers and accepted by appellant was $77,868.00 and exact commission payable to decedent was $3,893.40.

7. That decedent employed J. & L. Agency, Guy Stafford, and Joseph Walker, duly licensed real estate dealers in Indiana, to assist him in finding a purchaser for said real estate and agreed to divide the commission upon following basis, Uhl Company 50%, J. & L. Agency 16.66%, Stafford 16.66%, Walker 16.66%. Appellant agreed to such arrangement and on May 5,

1953 signed a written memorandum acknowledging said parties as his brokers and agreeing to pay 5% commission and agreeing to prorate the same on said basis. That a copy of said memorandum designated "Receipt" is attached to appellees' complaint and made a part thereof as Exhibit C.

8. That decedent did, on or before the 3 day of March, 1953, sell said 194.67 acres of land to Weber and Rush, who, by their agent and attorney, C. B. Dutton, duly executed the written proposition and said written proposition accepted by appellant by his signature thereto.

9. On or about June 15, 1953, the terms and provisions of said written proposition were complied with and balance of purchase price was paid in full; that final settlement was had between appellant and the Trustees of Indiana University and they were authorized and did convey title to said real estate directly to said purchasers, and title was conveyed to A. Harold Weber, Trustee, and the deed was recorded, giving date and record.

10. That the real estate "described in the written proposition and in the deed of conveyance, and which was the subject of the transaction between plaintiffs' decedent and defendant, John W. Becker, is the same identical real estate for which consideration was paid by the purchasers and for the sale of which defendant, John W. Becker, promised to pay decedent a real estate commission."

11. On or about June 26, 1953, appellant "paid the J. & L. Agency, Inc., Guy Stafford, and Joseph Walker . . . the commission due them . . . but refused to pay the appellees as co-executors of the estate of said decedent . . . any part of said commission for the sale of Defendant's (appellant's) interest in said real estate."

The conclusions of law stated by the court on the facts found were as follows:

I. That the law is with the plantiffs herein and that the plaintiffs are entitled to the real estate commission agreed to be paid by defend-

ant in the sum of $1,946.70, together with interest thereon at the rate of 6% per annum from June 21, 1954, to the date of Judgment herein.

II. That the plaintiffs in this cause of action are entitled to judgment in the sum of $2199.76 principal and interest against the defendant herein and the plaintiffs are, by operation of law, trustees of said sum of money for the benefit of the persons beneficially entitled to receive the same under the Last Will and Testament of Albert E. Uhl, deceased, by reason of the assignment heretofore made upon the closing of said estate.

On September 7, 1956, the court entered its judgment for appellee and on October 6, 1956 appellant filed his motion for a new trial. On motion of appellees, the motion for new trial was stricken from the files as not having been filed within thirty days from the date of decision. This poses the first question for determination.

The record is somewhat confusing as to the date on which the findings were made and filed. The motion for a new trial must, of course, be filed within thirty days from the time the special findings of fact are made and filed. *Carper, Executrix* v. *Peter & Burghard Stone Company* (1937), 104 Ind. App. 191, 195, 8 N. E. 2d 1020. It appears from the record, as corrected by certiorari, that an entry of the aforesaid findings and concludions was "filed and made" on August 30, 1956 in the Civil Order Book of the Boone Circuit Court. The record also shows that on September 7, 1956 "Pursuant to said request the court now makes and files herein its special findings of facts and states its conclusions of law thereon, as follows, to-wit: (H. I.) . . . and the Court having heretofore stated and filed in this case its special finding of facts, and stated its conclusions of law thereon, and the same

having been heretofore duly entered of record, the court now enters judgment thereon accordingly."

In ordering said new trial motion stricken from the files, pursuant to the motion therefor, the court apparently considered that the special findings were made and filed on August 30, 1956, We must indulge every presumption, consistent with the record, in favor of the action taken by the trial court, or, as often otherwise stated, where the record fails to set forth facts showing error, the reviewing court will presume nothing to sustain the purported error, but will indulge all reasonable presumptions in favor of the rulings and judgment of the trial court. *Schell* v. *Schell et ux.* (1927), 199 Ind. 643, 646, point 3, 158 N. E. 594; *New York Central Railroad Company* v. *Milhiser* (1952), 231 Ind. 180, 189, 106 N. E. 2d 453; West's I. L. E., *Appeals,* Vol. 2, Sec. 332, notes 51 and 52, page 169. The condition of the record before us is such that it does not appear affirmatively therefrom that the special finding of facts was not made and filed on August 30, 1956, that the court committed no error in striking out appellant's motion for a new trial filed October 6, 1956.

Appellant assigns error in the overruling of his motion for judgment on the pleadings, which motion was made after appellant had answered the complaint in the fashion of admission and denial of the allegations thereof. The complaint and said answer presented material issues of fact for trial. Therefore, a motion for judgment on the pleadings did not lie. "A judgment on the pleadings cannot be entered where there is an issue of fact framed thereby." *Board of Commissioners of the County of Lake* v. *State of Indiana, ex rel. Reed, et al.* (1913), 179 Ind. 644, 649, 102 N. E. 97. Further, the motion was predicated on certain alleged insufficiencies of the complaint. The complaint was not challenged by demurrer. Therefore,

the sufficiency thereof to state a cause of action was waived and could not be reached by moving for a judgment on the pleadings. *Western & Southern Life Insurance Company et al.* v. *Lottes* (1946), 116 Ind. App. 559, 566, point 3, 64 N. E. 2d 405. The asserted error is without merit.

During the presentation of evidence at the trial it appeared therefrom that the appellees had filed their final report in the estate of the decedent and had been discharged as co-executors of said estate. At the conclusion of all the evidence, appellant moved to amend the second paragraph of his answer by supplying fact allegations showing the filing of the final report and the discharge of said co-executors. This motion was sustained but the record does not show whether said answer was in fact amended as authorized or whether it was filed as an amended answer. No other or further step or proceeding was taken by appellant with regard to the matter. Appellant now independently assigns that the court "had no jurisdiction over the subject matter of the action." Jurisdiction of the subject matter may be presented at any time. However, there is no merit in the assignment because the Boone Circuit Court, from which the appeal was taken, is a court of general jurisdiction and has jurisdiction over the class of actions to which the present action belongs. Appellant further assigns that the court had no jurisdiction over the parties. This question is sought to be presented here for the first time. Such question comes too late. It should have been but was not presented below in an authorized and recognized manner. *Carithers* v. *Carithers* (1946), 116 Ind. App. 607, 609, 65 N. E. 2d 640.

Lastly, appellant assigns that the court erred in each of its said conclusions of law numbered I and II, respec-

tively. No question is raised as to the sufficiency of the evidence to sustain the findings. Appellant says in his brief that the charge of error in the said conclusions of law "present the question of the sufficiency of the ultimate facts found to sustain the court's decision and judgment" and "The question raised is not the sufficiency of the evidence but the sufficiency of the court's special finding of facts to sustain its conclusions of law." As set forth above, conclusion of law number I was that "the law is with the plaintiffs (appellees) . . ." For the purposes of this case, the findings of the trial court must be taken as full, true, and complete. *Edmundson, et al.* v. *Friedell* (1928), 199 Ind. 582, 587, 159 N. E. 428; *Property Owners, Inc., et al.* v. *City of Anderson, et al.* (1952), 231 Ind. 78, 82, 107 N. E. 2d 3.

In his brief, appellant discusses the "theory" upon which the court made its findings and what evidentiary matters were considered by the court in reaching its ultimate finding. These are matters we cannot consider on an assignment of error in the conclusions of law. Evidentiary matters considered by the court in reaching its findings, the pleadings, and the evidence are not proper subjects for our consideration on such assignment. *Bryant* v. *Barger, et al.* (1939), 106 Ind. App. 245, 254, 18 N. E. 2d 965; *Hadley, et al.* v. *Kays, et al.* (1951), 121 Ind. App. 112, 124, 98 N. E. 2d 237.

The findings made by the court and stated, in substance, above, are definite, unambiguous, and find upon the essential and material issues made by the pleadings. It is found that appellant and decedent entered into a written Listing Contract for the sale by decedent of appellant's 400 acres of land for a stated amount; that a written proposition for the purchase of 200 acres of said 400 acres of land for $80,000.00 was made by

certain named persons, through decedent, to appellant who accepted the same in writing and promised in writing to pay decedent a commission of 5% of the consideration paid for said real estate; that thereafter the land was surveyed and the consideration for the land was paid and accepted by appellant; that appellant sold 194.67 acres of his land to said proposed purchasers and the title to the real estate offered to be purchased in the said written proposition was conveyed to the purchasers by authorization of appellant; that the real estate described in said written proposition was the subject of the transaction between decedent and appellant and was the identical real estate for which said purchasers paid the consideration and for the sale of which appellant promised to pay decedent a real estate commission; that appellant refused to pay to appellees, as co-executors of the estate of said decedent, the commission for the sale of appellant's interest in said real estate.

Appellant seeks to confine the scope of said findings to certain exhibits referred to in the findings and insists on drawing inferences and evidentiary conclusions therefrom. For instance, appellant says: "It appears that in this case the court made its decision upon the theory of an action upon an oral contract for the payment of a commission for the sale of real estate which was removed from the operation of the statute, Burns' 33-104, by written memorandums signed by defendant." Under the applicable legal principles referred to above we cannot indulge any such speculation as that urged by appellant.

We find no cause for reversal upon appellant's assignments of error and the judgment is affirmed.

Royse, P. J.—Not participating.

NOTE.—Reported in 149 N. E. 2d 832.