CITY OF ANGOLA *v.* HULBERT ET AL.

[No. 19,092. Filed November 13, 1959.]

*Trennephol, Berger & Shoup,* of Angola, for appellant.

*Gerald Deller,* of Angola, for appellees.

Ax, J.—The City of Angola, Indiana, appellant, brought an action in the Steuben Circuit Court to compel the appellees to remove a sign and to enjoin them perpetually from erecting any advertising sign between the curb and sidewalk or closer than ten feet from the curb line of a highway adjacent to the premises of appellees in said City of Angola.

This action was brought under the following statute: Burns' Ind. Stat., 1959 Cum. Supp., §47-1908—

(c) "No person shall place, maintain or display any advertising sign, signal or device on any highway in cities between the curb and sidewalk and, in case curb and sidewalk join, no person shall place, maintain or display in the sidewalk any advertising sign, signal or device closer than ten [10] feet from the curb line, and overhanging signs shall not overhang the curb."

(f) "Every such prohibited sign, signal or marking is hereby declared to be a public nuisance and the authority having jurisdiction over the highway is hereby empowered to remove the same or cause it to be removed without notice."

Issues were formed by appellant's amended complaint which alleged that appellees are the owners of a certain tract of real estate in the city of Angola, Indiana; that appellees operate thereon a gasoline filling station in connection with which they maintain upon the said premises an advertising sign between the curb and the sidewalk and closer than ten feet from the curb line of the highway, and that these facts constitute a public nuisance. The appellees filed a verified answer of denial to these allegations. Trial was had by the court with judgment against appellant, the judgment of said court further stating therein: "that the law is with the defendants (appellees) herein."

Appellant's motion for new trial was overruled and this appeal followed with the following specific assigned errors:

(1) "The Court erred in overruling appellant's motion for a new trial.

(2) The court erred in striking parts of appellant's complaint on appellees' motion to require pleading of facts and to make complaint more specific.

(3) The court erred in sustaining appellees' demurrer to appellant's complaint.

(4) The court erred in overruling appellant's motion for judgment on the pleadings.

(5) The court erred in its findings and judgment for appellees at conclusion of appellant's evidence and after overruling appellees' motion for a directed finding."

Appellant's assignments of errors numbers 2 and 3 above present no question for this court to review. Appellant filed an amended complaint after the court sustained appellees' motion to require pleading of facts and to make the complaint more specific, and after the court had sustained appellees' demurrer to appellant's original complaint. By amending its complaint, the appellant is therefore precluded from bringing matters appearing in the original complaint before this court for review. A motion to amend takes out the original complaint and leaves no question for review upon the original pleadings. *Kimble* v. *Jolly* (1940), 217 Ind. 698, 700, 30 N. E. 2d 463.

By assignment of error number 4, appellant claims that the court erred in overruling its motion for judgment on the pleadings. The record before us indicates that this motion was made after appellees had filed answer to the amended complaint in which answer there was a denial of part of

the material allegations in rhetorical paragraph number 2 and all of the allegations of rhetorical paragraph number 3 of appellant's amended complaint. In the case of *Board, etc.* v. *State, ex rel.* (1913), 179 Ind. 644, 102 N. E. 97, there was a general denial filed to the allegations of the complaint. The court held: "A judgment on the pleadings cannot be entered where there is an issue of fact framed thereby." See cases cited. This case was quoted by this court in *Becker* v. *Ind. Nat'l Bank, etc. et al.* (1958), 128 Ind. App. 678, 149 N. E. 2d 832. Consequently, this asserted error by appellant is without merit.

Assignment of error number 5 presents no question for review by this court. It was an alleged specific error of law occurring in the course of the trial and should have been called to the attention of the court below as one of the grounds in the motion for new trial. Since it was not included therein, it is not a proper independent assignment of error. *Mendenhall* v. *Lay* (1953), 123 Ind. App. 486, 111 N. E. 2d 662.

Having disposed of the above assignments of error, there remains for our consideration only that the court erred in overruling appellant's motion for a new trial.

Only one of the specifications in the motion for new trial presents any question, namely, that the finding and decision of the court is contrary to law. Since the finding was negative to the appellant, which had the burden of proof, it cannot challenge the insufficiency of the evidence to sustain the finding. *Hinds, Extr. etc.* v. *McNair, et al.* (1955), 235 Ind. 34, 41, 129 N. E. 2d 553; *Leckrone* v. *Lawler* (1954), 125 Ind. App. 35, 37, 118 N. E. 2d 381; *Mendenhall, Extr. etc.* v. *Lay, supra.* However, a negative finding may be attacked under the specification that the finding is contrary to law, and thus is presented

the question whether they were entitled, under the evidence, to relief which was denied them by the finding. *Leckrone* v. *Lawler, supra; Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 158, 14 N. E. 2d 905.

If the undisputed evidence entitles the one who has the burden of proof to a decision which has been denied him, such decision is contrary to law. To determine this question we may consider only the evidence most favorable to the appellees, together with all reasonable inferences which may be drawn therefrom.

"It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law." *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669.

This case is an equitable proceeding in which the appellant sought but was denied an injunction. It is well established that in an equitable proceeding, the finding of the court will not be disturbed, under a charge that the finding or decision is contrary to law, unless clearly erroneous, *McConnell et al.* v. *Huntington, Administrator* (1886), 108 Ind. 405, 8 N. E. 620; *Miller et al.* v. *The Evansville National Bank* (1884), 99 Ind. 272; *State, ex rel. Heiney* v. *Wasson* (1885), 99 Ind. 261; *Calkins* v. *Evans* (1854), 5 Ind. 441, or unless there is manifest error. *Belk* v. *Fossler* (1911) (T.D. 1912), 49 Ind. App. 248, 96 N. E. 15. Nor will the finding be disturbed unless the evidence is so strong that a reasonable person could reach only an opposite conclusion to that of the trial court.

The only evidence in this case at bar was presented by the appellant. The evidence most favorable to ap-

pellees, which we can consider, showed that the appellees were the owners of both the sign in question and the adjacent premises which were used as a filling station; that the pole on the top of which the sign was attached was located on the property when it was purchased by the appellees; that appellees had later put the pole back up and affixed a sign onto the top of it; that the base of the pole to which the sign was affixed was less than ten feet from the curb line; that the bottom of the sign attached to the top of said pole, however, was more than ten feet above the curb line and it did not overhang the curb; that there was no portion of the sign which was within ten feet, measured from any direction, of said curb line.

At the oral argument of this case, both the appellant and the appellees indicated to this court that the main question that they wanted this court to decide was whether or not a pole on which a sign is placed is a part of an advertising sign. At first glimpse, it might appear that the bringing of this appeal to this court asking for such a ruling would be a trespass on our court's time and patience, being mindful of the heavy load of cases now pending before this court of seemingly greater importance and consequence. However, thinking of the far-reaching effect and general havoc that a ruling by this court might have upon the welfare and happiness of the canine population in our state, because of their natural inclinations when turned outdoors, coupled with the creation of problems of great magnitude to many cities in the State of Indiana whose highways are lined with poles between the curb lines and sidewalks on which signs are now erected, we have approached this case with due and careful consideration. Mindful of the oaths of our office, we cannot be swayed in our opinion by the particular desires of "man's best

friends," but we must determine this matter on the brutal and unfeeling basis of a legal interpretation of the legislative intent behind the enactment of the laws quoted above as the basis upon which this original action was commenced.

The title of Ch. 48, Acts of 1939, of which the pertinent statutes are a part, recites the following:

> "AN ACT regulating traffic on highways and defining certain crimes in the use and operation of vehicles, providing for traffic signs and signals and defining the power of local authorities to enact or enforce ordinances, rules, or regulations in regard to matters embraced within the provisions of this act and to provide for the enforcement of this act and to make uniform the law relating to the subject matter of this act, and repealing all laws and parts of laws in conflict therewith."

Included in the act under its Article 1 are "Words and Phrases Defined." We find nowhere in the definitions any distinction between a pole and an advertising sign or any definition of either of them.

From our examination of this entire act, we are of the opinion that the applicable statutes were passed in order to provide for safety in the use of our highways in cities in order that both drivers of vehicles along such highways and pedestrians attempting to cross such highways might have an unobstructed view along the right-of-way for safety purposes. We believe the Legislature also gave consideration to the safety and welfare of the children playing adjacent to and along such highway right-of-way in restricting the placing of signs nearer than ten feet from the curb line, whether it be ten feet in a horizontal line from the curb line, or ten feet in a verticle line above the curb line. We all know that little children, often engrossed in play, will occasionally dart from the sidewalks onto the

adjacent street or highway. For that reason, it is conducive to their safety that drivers of vehicles on said streets and highways have their vision unobstructed by advertising signs which must be, according to the above referred to laws of Indiana, at least ten feet from the curb line, and in case of overhanging signs, that they shall not overhang the curb line. The Legislature did not designate in the terms of the statutes the placing of a pole, frame or standard within a certain distance from the curb, but limited its terminology to an *advertising sign, signal* or *device* using the adjective "advertising" for limitation purposes.

We can, of course, perceive of some instances when a pole might be an integral part of the advertising sign, when the sign and pole or standard on which it is erected are constructed in such a manner that the sign cannot be detached from the pole. We do not believe, however, that we can establish any rule for guidance in all situations. The facts of each case should be determinative.

In the instant case, we are confronted with a finding of the trial court, after hearing the evidence, that there was no violation of the terms of the statutes in the case at bar.

The pertinent statute, Burns' §47-1908 cited above created three different distinct situations that would create a nuisance. In situations where the curb and sidewalk *do not join,* the act apparently considered the space between the two as a part of the highway. It then provides the prohibition against the sign, signal, or device *on the highway.* In situations where the curb and the sidewalk *join,* the prohibition is against a sign, signal, or device *on the sidewalk,* closer than ten feet from the curb line. Then to show that the Legislature had in mind signs, signals, or devices that might not be

*on the highway,* or *on the sidewalk,* but might *overhang them,* it made a special provision therefor which was that the overhanging sign should not *overhang the curb.*

The appellant's evidence uncontradictorily established that the sign "did not overhang the curb." There was likewise no evidence that the sign was either on the sidewalk or that it was *between* the sidewalk and curb —the evidence being that the front area adjacent to the curb was concreted so that there was no defined line indicating which portion was sidewalk and which was not. Thus appellant's own evidence not only failed to show any violation of the Act by appellees but, in fact, established the latter's compliance with the provisions of the Act in that the sign *did not overhang the curb.* In addition no pictures or exhibits were included in the brief of appellant to clearly exhibit to us the exact location or description of the sign and pole and we were unable from the evidence contained in the briefs to ascertain the exact location of the pole, and sign attached thereto, in order to properly determine if there were any violations of the pertinent statute.

For these reasons, we do not perceive how a reasonable person could reach an opposite conclusion to that of the trial court. Appellant has failed to cite any legal authorities indicating that it was clearly erroneous for the trial court to have made its finding and conclusion.

Consequently, we are of the opinion that the finding and decision of the trial court, in view of the evidence presented, was not contrary to law.

Judgment affirmed.

Myers, P. J., Cooper, J., and Ryan, J., concur.

NOTE.—Reported in 162 N. E. 2d 324.