KEENE ET AL. *v.* THE CITY OF MICHIGAN CITY ETC. ET AL.

[No. 30,029. Filed April 25, 1961.]

*Carl M. Franceschini, John J. Davie* and *Kenneth D. Osborn,* all of La Porte, for appellants.

*James P. Gleason,* City Attorney, and *Frederick H. Krueger,* both of Michigan City, for appellee.

BOBBITT, C. J.—On March 14, 1960, the Common Council of the City of Michigan City, pursuant to Acts 1955, ch. 269, §1, p. 720, being §48-701, Burns' 1960 Cum. Supp., adopted an ordinance to annex certain

contiguous territory. Such ordinance was approved by the Mayor and notice given pursuant to statute.

Subsequently, appellants, pursuant to Acts 1955, ch. 269, §3, p. 720, being §48-702, Burns' 1960 Cum. Supp., filed their remonstrance to such ordinance in the LaPorte Circuit Court.

A special judge was selected by agreement of the parties and on August 29, 1960, appellees filed a motion to dismiss alleging therein,

"1. The court does not have jurisdiction of the subject-matter of the proceeding.

"2. A hearing was not held on the remonstrance within sixty (60) days after the same was filed.

"3. The rights of the remonstrators in this special statutory proceeding were all granted upon the condition that the hearing on the remonstrance be held within sixty (60) days after the same was filed."

This motion was sustained.

Appellants then filed their motion to reconsider the ruling on the motion to dismiss alleging therein that §48-702, *supra*, violated Article 3, §1, of the Constitution of Indiana, because it attempts to dictate to the courts the length of time within which a remonstrance filed pursuant to the Act must be heard. Such motion was denied, and from a judgment dismissing the proceedings this appeal is prosecuted.

*First:* In their support of the judgment of the trial court appellees assert that it did not have jurisdiction of the subject matter because (1) the record does not show that the judge ever determined that the remonstrance was sufficient; and (2) no notice was served upon the members of the Common Council of the city.

(1) There is nothing in the record here to show that the court did not determine the sufficiency of the re-

monstrance, and in the absence of such a showing it will be presumed that the trial court performed its duty pursuant to the provisions of the statute. *Becker* v. *Ind. Natl. Bank, etc. et al.* (1958), 128 Ind. App. 678, 684, 149 N. E. 2d 832, 835; *N. Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 189, 106 N. E. 2d 453.

(2) Section 48-702, *supra*, provides, *inter alia*, that,

"Notice of such proceedings by way of summons shall be served upon the proper officers of the city seeking to make annexation, and such city shall become defendant in such cause, and shall be required to appear and answer as in other cases."

Although we held in *Vesenmeir et al.* v. *City of Aurora, etc.* (1953), 232 Ind. 628, 635, 115 N. E. 2d 734, that an annexation proceeding is one to which the rule of civil procedure as to dismissal without prejudice does not apply, that is not the question now before us. The matter with which we are presently concerned is the service of summons upon the "proper officers of the city seeking to make annexation, . . ." It is the City of Michigan City which seeks to make the annexation here. The statute providing for the service of process against municipal corporations names those officers which may be served as being the "mayor, city or town clerk or its marshal." Acts 1933, ch. 252, §1, p. 1132, being §2-804(a), Burns' 1946 Replacement.

The Annexation Statute does not specify who are the "proper officers" upon whom summons may be served. In the absence of such specific designation it is our judgment that by the term "proper officers" the Legislature meant those officers designated in the general statute providing for the service of process against corporations. Section 2-804(a), *supra.*

It was neither necessary nor proper to serve notice upon the Common Council in this case.

*Second:* It is further asserted by appellee that since no hearing on the remonstrance was held within sixty days after the determination by the judge of the trial court that the remonstrance was sufficient, the court was without jurisdiction to take any further action except to dismiss the proceedings.

No statutory right of dismissal[1] is presented for our consideration.

The determinative question here is: Did the trial court lose jurisdiction of the proceedings by failing to hear the remonstrance within sixty days after determining that it was sufficient?

Appellees rely upon *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 102 N. E. 2d 646, which held that since appellants there failed to present their petition for certiorari to review the decision of the Board of Zoning Appeals within thirty days after the entry of the decision, as prescribed by Acts 1951, ch. 291, §5, p. 935, the court did not acquire jurisdiction of the case, except for the purpose of dismissal.

There is no question of the limitation of an action here. Neither is this a question of the failure to file a remonstrance within thirty days as prescribed by statute. The provisions of §48-702, *supra,* that,

> "Upon the determination of the judge of the court that the remonstrance is sufficient he shall fix a time for a hearing on the remonstrance which shall be held not later than sixty [60] days thereafter,"

is not one of limitation, nor can it be mandatory, but is advisory only. *Smith* v. *Uhler* (1884), 99 Ind. 140,

---

1. Acts 1881 (Spec. Sess.), ch. 38, §433, p. 240, being §2-901, Burns' 1946 Replacement. *State ex rel. Terminix Co. of Ind.* v. *Fulton C. Ct.* (1956), 235 Ind. 218, 132 N. E. 2d 707.

.142; *Quill et al.* v. *Gallivan* (1886), 108 Ind. 235, 237, 9 N. E. 99; *Waite* v. *Burgess* (1952), 69 Nev. 230, 245 P. 2d 994, 996. It simply expresses the desire and intent of the Legislature that proceedings embracing appeals from the adoption of annexation ordinances should be conducted expeditiously and without delay.

The statute here in question does not provide that the issue shall be withdrawn from the judge if he fails to act within the time suggested as was true in Acts 1881 (Spec. Sess.), ch. 38, §394, p. 240, being §2-2102, Burns' 1946 Replacement. That statute was declared to be unconstitutional in *State ex rel. Kostas* v. *Johnson* (1946), 224 Ind. 540, 69 N. E. 2d 592, 168 A. L. R. 1118, because it required action by the courts within a specified time and divested them of jurisdiction for failure to act within such time.

Section 48-702, *supra,* as above indicated, does not attempt to divest either the judge or the court of jurisdiction of the case for failure to hold a hearing on a remonstrance within the time specified. It would violate Article 3, §1, of the Constitution of Indiana if it did so provide. *State ex rel. Kostas* v. *Johnson, supra.*

In our judgment neither the judge nor the court lost jurisdiction of the present case by failing to hold a hearing on the remonstrance within the time prescribed by statute.

No other reasons having been advanced to sustain the dismissal, it was error to sustain the motion to dismiss for the reasons stated, and the judgment of the trial court must be reversed.

Judgment reversed with instructions to the trial court to reassume jurisdiction of the case, and for further proceedings consistent with this opinion.

Landis, Arterburn and Jackson, JJ., concur.

Achor, J., concurs in result.

NOTE.—Reported in 174 N. E. 2d 48.