**CITY OF BLOOMINGTON,**
**Plaintiff-Appellant,**

v.

**William R. STONE d/b/a Pit Stop Bar,**
**Defendant-Appellee.**

**No. 1–1080A304.**

Court of Appeals of Indiana,
First District.

June 30, 1981.

Mark A. Yegerlehner, Harriet Lipkin, Bloomington, for plaintiff-appellant City of Bloomington.

George W. Languell, Spencer, for defendant-appellee.

NEAL, Presiding Judge.

Plaintiff-appellant City of Bloomington (City) brought this action in the Monroe Superior Court II against William R. Stone d/b/a Pit Stop Bar (Pit Stop) to compel him to move an advertising sign, alleging non-compliance with Ind.Code 9–4–1–38(c). From an adverse judgment City appeals.

We affirm.

## STATEMENT OF THE FACTS

The Pit Stop Bar is a business establishment located at 4249 Walnut Street, Bloomington, Indiana. In front of Pit Stop was a large advertising sign atop a six inch in diameter steel support pole which was embedded in the sidewalk 6.5 feet from the curb. The concrete sidewalk, extending from the curb to the building, was 20 feet wide. The bottom of the lower part of the two-tiered sign was as high as the mansard roof of Pit Stop, and the top of the sign was as high as the building itself. The sign extended equal distance on each side of the support pole, and did not overhang the curb. From the photographs entered as exhibits it would appear, and it is not contended otherwise, that the vision of motorists and pedestrians would not be obstructed by the sign because of its considerable height. Any impairment of vision caused by the pole itself would be insignificant.

The City presented no evidence except the location of the sign as stated above.

## ISSUE

We emphasize that City brought its action to compel removal of the sign upon the sole and narrow theory that its placement was a violation of Ind.Code 9–4–1–38(c). No other theories, such as violation of City ordinances, or common law nuisances were alleged, tried or argued in trial court, or here. We, therefore, limit this opinion to whether that statute is applicable to the facts at bar.

## DISCUSSION AND DECISION

Ind.Code 9–4–1–38(c) and (f) read as follows:

"(c) No person shall place, maintain or display any advertising sign, signal or device on any highway in cities between the curb and sidewalk and, in case curb and sidewalk join, no person shall place, maintain or display on the sidewalk any advertising sign, signal or device closer than ten (10) feet from the curb line, and overhanging signs shall not overhang the curb."

\* \* \* \* \* \*

(f) Every such prohibited sign, signal or marking is hereby declared to be a public nuisance and the authority having jurisdiction over the highway is hereby empowered to remove the same or cause it to be removed without notice."

We direct the reader's attention to the other subsections of Ind.Code 9–4–1–38. Subsection (a) proscribes the placing of any imitation traffic control device or any device that conceals traffic control signs or signals on or in view of any highway. Subsections (b) and (e) forbid the placing of any commercial advertising on or over a highway, and (d) prohibits signs of any character within 100 feet of any highway or street that obstruct the view of such highway or intersection of a person using the highway for a distance of 500 feet from such sign.

The case of *City of Angola v. Hulbert,* (1959) 130 Ind.App. 97, 162 N.E.2d 324, construes Ind.Code 9–4–1–38.[1] That case is cited by both the City and Pit Stop as supportive of their respective positions. The facts in *Hulbert, supra,* concerned a sign pole which was located within the 10 foot limit from the curb. The court, in ruling that the sign was not violative of this provision, said:

> "From our examination of this entire act, we are of the opinion that the applicable statutes were passed in order to provide for safety in the use of our highways in cities in order that both drivers of vehicles along such highways and pedestrians attempting to cross such highways might have an unobstructed view along the right-of-way for safety purposes."

130 Ind.App. at 105, 162 N.E.2d 324.

The argument of the City does not address the statute's purpose of proscribing the obstruction of view as stated in *Hulbert,* but emphasizes the hazard to pedestrians created by a pole in the sidewalk. In addition to Ind.Code 9–4–1–38(c), City cites Ind.Code 18–1–1.5–8 which empowers a city to control its sidewalks and regulate their use. This is undoubtedly true; however, the record is silent as to any ordinance, regulation or evidence in that regard. The complaint, the evidence, and the brief of the City is equally silent as to any common law remedy relative to abatement of obstructions in sidewalks.

We note that Ind.Code 9–4–1–38 is but one section of "an act regulating traffic on highways" first enacted by the Legislature in 1939. We agree with the ruling in *Hulbert, supra,* that the purpose of the act is to prohibit signs and other obstructions from being placed along a highway so as to obstruct the view of motorists and pedestrians. An overhanging sign, which is not prohibited so long as it does not overhang the curb, or a high sign on a pole do not have that effect.

1. The court construed the statute as it formerly appeared under Burns 1952 Repl. § 47–1908, (1959 Cum.Supp.).

Upon examination of the statute and the facts presented here, hypothetical examples can be found to demonstrate the total inapplicability of Ind.Code 9–4–1–38(c) to accomplish sidewalk safety as the City contends. The sidewalk, here, according to a survey which is an exhibit in the record, is 20 feet wide. While the sign support pole is now 6.5 feet from the curb, Pit Stop could move it 3.5 feet further from the curb and effect full compliance with Ind.Code 9–4–1–38(c) even under City's argument. Yet the pole would still be situated in the middle of the sidewalk and any potential hazard it once possessed would remain. Again, if the sidewalk were separated from the curb, the prohibition of a sign between the curb and sidewalk would be no bar to the erection of a sign on the sidewalk.

Pit Stop has raised the question that City did not prove Stone was the owner of the Pit Stop Bar. In view of our decision we do not deem it necessary to address that contention.

For the above reasons, this cause is affirmed.

Affirmed.

ROBERTSON and RATLIFF, JJ., concur.